HENLY and HASTINGS, Respondents, v. L. W. HAST-
INGS, Appellant.

It was a wrongful exercise of authority in the District Court to strike out, on an
ex parte motion, a marginal entry of satisfaction on a judgment rendered two
years before.

An appeal will not lie from an order of court, refusing to set aside a former order;
such order is merely negative, a refusal to disturb the first decision. It is that,
the former decision, which is the subject of complaint, and not the refusal to
alter it.

APPEAL from the Sixth Judicial District.

The record in this case shows, that on the 6th July, 1850, judg-
ment was rendered by confession in favor of plaintiffs, against
defendant for $9500. On this judgment execution issued, which
was returned with satisfaction thereof endorsed and signed by
plaintiffs, as received of Chevor, one of defendants (except the
costs not paid). This endorsement of satisfaction was upon the
return of the execution, entered upon the margin of the judg-
ment. The endorsement is dated October 1st, 1851, and the
return was made to the clerk's office, October 12th, 1850. On the
14th day of February, 1853, on motion of the attorney of
the plaintiffs, it was ordered by the court that the marginal
entry of satisfaction be stricken out, and that the judgment re-
main in full force, and valid as between the defendants. This
motion and order were made ex parte, and without notice to de-
fendants.

On the 26th May, 1853, L. W. Hastings, one of the defen-
dants, moved the court to set aside the order of 14th February,
1853, striking out the marginal entry of satisfaction, which the
court overruled; and it was from the judgment or order of the
court overruling this motion, that this appeal is taken by L. W.
Hastings, to this court.

Burril and Goss, for appellant.

The order should not have been made ex parte. A judgment
without notice is void: 1 Howard, 351; Ib. 521. (The counsel's

argument was confined to the order of the court of 14th February, and was to the order appealed from, refusing to set aside that order.

No brief for respondent on file.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

In February, 1853, the District Court on an *ex parte* motion, ordered to be stricken out, a marginal entry of satisfaction of a judgment, which had been rendered two years before.    This was a wrongful exercise of authority, and is a proper subject for the reviewing power of this court.

But the defendants do not appeal from that order.    They make a motion to set aside that order, and then appeal from the refusal to grant their motion.    This is certainly not revisable ; it is the mere negative action of the court declining to disturb its first decision.    It is that decision which is the proper subject of complaint, and the refusal to alter it, any number of times, would not make it less so.    There must be observed in appeals to this court, the order and regularity which belong to well-established principles founded in sound reason.

The appeal is dismissed.