# THE BLYTH & FARGO COMPANY, RESPONDENTS, *v.* SWENSON ET AL., APPELLANTS.

SERVICE OF PROCESS—JUDGMENTS—VACATION—APPEAL—TIME FOR TAKING—FINAL ORDERS—PARTIES—ATTORNEYS AT LAW—AUTHORITY.

1. When an appeal is not taken within one year after the judgment becomes final, it will be dismissed.

2. A final order overruling a motion to set a judgment aside, entered without service of process or appearance, may be appealed from, under section 3635, Comp. Laws Utah 1888.

3. When judgment is rendered against a defendant without service or summons or appearance, he may within one year, under section 3256, Comp. Laws Utah 1888, enter a motion to set it aside, and ask leave to answer, and the court should, on sufficient proof, grant such leave and set the judgment aside, or, if deemed more just, allow the judgment to stand, and, upon issue found for such defendant, then to set it aside. And, if the motion is served and entered within the year, the court may hear it after the year expires, and set it aside.

4. When the record shows that a defendant appeared by his attorney, such record is conclusive of the appearance, but only *prima facie* evidence of the authority of the attorney to act. Such authority may be denied and rebutted by proof. And if without authority the judgment will not be allowed to stand, and the defendant will not be left to his remedy against the attorney.

5. On appeal by one of three defendants from an order overruling a motion to set a judgment aside as to himself, it is not necessary to serve notice on those not appealing, when they concede it correct as to themselves, but not as to him. In that case they cannot be regarded as adverse parties, under section 3636, Comp. Laws Utah 1888.

6. When the suit is against two or more defendants by their individual names, not against them by a common name in which they

are transacting business, the service of summons on one or more will not give jurisdiction to enter judgment against those not served, under section 3191, Comp. Laws Utah 1888.

MINER, J., dissenting.

(No. 810.   Decided Sept. 9, 1897.)

Appeal from the Third district court, Salt Lake county. Ogden Hiles, *Judge.*

Action by the Blyth & Fargo Company against E. A. Swenson, J. B. Swenson, and S. J. Stookey. From a judgment for plaintiff, and an order refusing to set aside the same, defendant Stookey appeals.   *Reversed.*

*Moyle, Zane & Costigan* and *Stewart & Stewart,* for appellant.

No personal judgment could be rendered against the defendants not served. If the court should attempt to assume jurisdiction over the joint obligor not served with process, and should render judgment against him, such judgment, so far at least as the defendant not served is concerned, would be absolutely void. *McDoll* v. *Cook,* 2 N. Y. 110; *Allen* v. *Chadsey,* 1 Ind. 399; *Brockmon* v. *McDonald,* 16 Ill. 112; *Swift* v. *Green,* 2 Id. 173; *Hickey* v. *Smith,* 6 Ark. 456; *Jones* v. *Reed,* 1 Johns. Cas. 20; *Boaz* v. *Huster,* 6 Lug. & R. 18; *Houston* v. *Ward,* 8 Tex. 124; *Johnson* v. *Vaughan,* 9 B. Mon. 217.

And this rule is equally applicable where the defendants are partners at the time of the commencement of the action, as there is nothing in the relationship of partners which constitutes one partner the agent of another. *Chusty* v. *Sherman,* 10 Iowa 535; *Edwards* v. *Petzer,* 12 Id. 607; *North* v. *Mudge,* 13 Id. 497; *Betzer* v. *Shunk,* 37 Am. Dec. 469; York Banks Appeal, 36 Pa. St. 458; *Elliot* v.

*Holbrook,* 33 Ala. 665; Laches cannot be imputed to a party who takes all the time which the statute allows him to bring his motion or application. *Independent School District* v. *Schreiner,* 46 Iowa 172; Black on Judgments, vol. 1. sec. 311; Freeman on Judgments, sec. 105; *Stocking* v. *Hanson,* 35 Minn. 207; *Reese* v. *Mahoney,* 21 Cal. 305.

Where a default has been taken against a person upon whom there was no service of process and over whom the court acquired no jurisdiction, he is entitled to have the judgment annulled without showing a meritorious defense to the action. *Dobbins* v. *McNamara,* 113 Ind. 54; Black on Judgments, vol. 1, sec. 348. The defendant is not required to prove his defense as he would at a trial *nor can his affidavit of merit be controverted. Francis* v. *Cox,* 33 Cal. 323; *Gracier* v. *Weir,* 45 Cal. 53; *Pratt* v. *Keels,* 28 Ala. 390; 23 Cal. 281. Defendants are not such adverse parties as to require notice of appeal. *Rendall* v. *Hunter,* 69 Cal. 80; *Jackson* v. *Brown,* 82 Cal. 275; *Hintell* v. *Donohin,* 88 Cal. 597.

That an order denying a motion to vacate a judgment is appealable when the error complained of cannot be reviewed on appeal from the judgment, see 1 Black on Judgments, sec. 21; *Brown* v. *Evans,* 18 Fed. 59; *Livermore* v. *Campbell,* 52 Cal. 76; *James* v. *Center,* 53 Cal. 31; Hayne on New Trial and Appeal, sec. 199 or pp. 598–600; *N. Y. C. & St. L. Ry.* v. *Down,* 4 N. E. Rep. 419; *Brockett* v. *Brockett,* 2 How. 240.

*Dey & Street* and *W. H. Bramel,* for respondent.

An order overruling a motion to set aside a judgment is not a final judgment and is not appealable as such. *Henley* v. *Hastings,* 3 Cal. 341; *Tripp* v. *Santa Rosa Ry.,* 69 Cal. 631; *Eureka R. R. Co.* v. *McGrath,* 74 Cal. 49; *Davis* v. *Donnan,* 82 Cal. 35; *Goylinski* v. *G.,* 80 Cal. 409; *Wiard's Estate,* 24 Pac. 45; *Kubli* v. *Hawkitt,* 27 Pac. 57; *In re Get*

*Young,* 27 Pac. 158; *Gregory* v. *Gregory,* 32 Pac. 531; *Symons* v. *Bunnel,* 35 Pac. 770. He is entitled to no relief on account of laches. *Seale* v. *McLaughlin,* 28 Cal. 668; *Garrison* v. *McGowan,* 48 Cal. 592; *Elliot* v. *Bastian,* 11 Utah 452. The fact that an attorney who has appeared for a party had no authority to appear must be shown by cogent and convincing evidence. *Garrison* v. *McGowan,* 48 Cal. 592; *Hunter* v. *Bryant,* 33 Pac. 51.

Zane, C. J.:

It appears from this record that the plaintiff brought suit against the defendants, by their individual names, on two promissory notes, and alleged in the complaint that they were executed by the defendants as partners; that personal service was made on the Swensons, and that there was no service on defendant Stookey; that Cherrington & Harkness, attorneys at law, were employed by the Swensons to appear for them in the case; that they filed a demurrer, in which they did not give the individual names of the defendants for whom they appeared; that they signed the demurrer as follows: " Cherrington & Harkness, Attorneys for Defendants;" and that they were not authorized to appear for appellant, Stookey. It further appears that the demurrer was overruled, and that judgment *nihil dicit* was entered against all the defendants on February 21, 1896; that an execution was issued thereon on the 9th day of December, 1896, next following, and levied on Stookey's property; that on the 3d day of February, 1897, Stookey gave notice to the plaintiff that he would on the 13th day of the same month, at 9 o'clock and 30 minutes a. m., or as soon thereafter as counsel could be heard, move the court to set aside the judgment as to himself, and filed the notice and motion in the clerk's office on the day the notice was given; that he

asked leave to file an answer, duly verified, which he attached to the notice, and presented with it, denying the execution of the notes by Stookey or by his authority, and denying other material allegations of plaintiff's complaint; that on the 13th day of February, named, the court postponed the hearing of the motion, and on March 8, 1897, heard the motion on the affidavits establishing the above facts, and denied it. From the judgment and the order overruling the motion to set aside the defendant Stookey has appealed.

The respondent moves the court to dismiss the appeal from the judgment on the ground that it was not taken within one year from the date of its rendition. The statute required the appeal to be taken within that time, and for that reason the motion as to the appeal from the judgment is allowed, and it is dismissed.

The respondent also moves the court to dismiss the appeal from the order overruling the motion to set the judgment aside, because no appeal lies, as alleged, from such an order. A judgment against a party not served with process, who did not appear in person or by his attorney, is without any binding effect; and though the process against him may have been returned as served, or the record may show his appearance, if in fact he was not served, and did not enter his appearance or authorize it to be done, he may, upon learning of the judgment, move the court to set it aside, and upon sufficient proof the court should grant the motion. A judgment in such a case, without the service of process or appearance, would not be due process of law, under the constitution of this state or the constitution of the United States. And the sale of the defendant's property by virtue of an execution issued upon such a judgment, if sustained, would deprive him of his property without due process of law. A judg-

ment appearing from the record to have been entered
against a defendant without service of process or appear-
ance is void on its face, and may be set aside at any time
by the court. It is absolutely void. And if from the rec-
ord it appears to have been rendered upon process duly
served, or upon appearance, when it was not so rendered,
the court should set it aside, as void, upon proof that the
process was not served and that there was no appearance.
A motion to set a judgment aside, fair on its face, for
want of service of process or appearance, is, in effect, the
same as a' bill to set a judgment aside for the same reason.
In the latter case there can be no doubt as to the right
of appeal from an order refusing to set the judgment
aside, and such a decree must be regarded as a final judg-
ment, and appealable. We think an order denying a mo-
tion to set aside a judgment, for the same reason, must be
regarded as a final judgment, and appealable. It would
be very unreasonable to hold that errors by the trial court
in overruling motions to set aside judgments entered
against a defendant without notice or appearance should
be reviewed on appeal from the judgment sought to be
set aside, or not reviewed at all. Stookey was ignorant of
the judgment until about eight months after it was ren-
dered, and it appeared regular on its face. The evidence
to prove that the attorneys who professed to appear for
him on the case were not authorized to do so was offered
on the hearing of the motion to set aside. An appeal
from the judgment sought to be set aside would not in all
cases enable the court to review errors in overruling the
motion. Want of jurisdiction was shown by evidence.
But the statute declares that exceptions to the decision
on the ground that it is not supported by evidence cannot
be reviewed on an appeal from the judgment unless the
appeal is taken within 60 days from its rendition. In this

case the judgment had stood eight months before the appellant knew of it. It might have stood more than a year without such knowledge. The right of appeal from judgments cannot be extended for such long and indefinite periods, or depend upon such uncertainties. Hayne, in his work on New Trial and Appeal (section 199), says: " It is believed the rule does not apply to orders made *ex parte.* For the aggrieved party may not have any knowledge of such order until after the expiration of the time for appeal. And, even if he had such knowledge, an appeal would in most cases be of no avail. For it must be heard upon the case which was before the court below, and the aggrieved party, not having had any opportunity to present his facts in support of his side of the question, would, if compelled to appeal from the *ex parte* order, for all practicable purposes, be deprived of his day in court." The same rule should be applied when a judgment is entered against a defendant without notice or appearance. Laws authorizing appeals relate to the remedy, and should be construed liberally in furtherance of the remedy. Appeals from judgments upon verdicts or upon findings cannot await such motions to set them aside. If the appeal is taken and decided before the order denying the motion to set aside is determined, and the order cannot be regarded as a final judgment, and appealable, then there is no mode by which the ruling of the court in making such orders can be reviewed. The rule is that, when the ruling of the trial court in making such an order cannot be reviewed upon appeal from the judgment sought to be set aside, the order is regarded as a final judgment, and appealable within the time allowed for appeals from other final judgments, unless the statute fixes a different time. Section 3256, Comp. Laws Utah 1888, provides that: " The court may  *  *  *  upon such terms as may be

just relieve a party   *   *   *   from a judgment, order,
or other proceeding taken against him through his mis-
take, inadvertence, surprise, or excusable neglect; and
when for any reason satisfactory to the court, or the
judge thereof, the party aggrieved has failed to apply for
the relief sought during the term at which such judgment,
order, or proceeding complained of was taken, the court
or judge thereof, in vacation, may grant the relief upon
the application made within a reasonable time, not ex-
ceeding six months after the adjournment of the term."
Such provisions authorize relief from judgments or or-
ders taken against a party through his mistake, inadver-
tence, surprise, or excusable neglect. The mistake, inad-
vertence, or excusable neglect may have been of a party
served with process, or who has appeared before judg-
ment or the order made. The provision of the section im-
mediately following the one quoted relates to judgments
or orders made against a defendant without personal serv-
ice, and is as follows: " When from any cause, the sum-
mons in an action has not been personally served on the
defendant, the court may allow on such terms as may
be just, such defendant or his legal representatives, at
any time within one year after the rendition of any judg-
ment in such action, to answer to the merits of the origi-
nal action." When judgment has been rendered against a
defendant without the service of a summons upon him,
this provision authorizes the court, within one year after
its rendition, to permit him to answer the complaint, on
such terms as may be just. When the defendant knows
of the pendency of a suit in time to appear before judg-
ment, and fails to do so, the court will not grant leave
to answer afterwards, though no summons was served
upon him, unless justice demands it. The court is not
required to grant leave to answer in all cases where judg-

ments may be rendered against a defendant without the service of summons upon him. The court has a reasonable discretion,—a legal discretion. But when the defendant was not served with summons before judgment, and there was no appearance in fact, the statute quoted gives him a year after its entry, in all such cases, to ask leave to answer.

It appears that the defendant Stookey was not served with process, and did not appear in person, or authorize any one to appear for him, before judgment. The weight of the evidence establishes the fact that the appellant did not know of the judgment against him until about eight months after it was rendered, and that there was some effort by him to adjust the matter without further litigation, upon the expectation that the Swensons, the other defendants, would arrange to pay or satisfy it, as they admitted they were bound to; and, such efforts having failed, he served a notice of his motion to set it aside, to which an answer showing a defense to the suit was attached, and filed the same in the clerk's office, and moved the court to set the judgment aside, and asked leave to file his answer 18 days before the year given by the statute above quoted expired; that the time to hear the motion was fixed for the 13th day of the same month, but was postponed by the court until the 8th day of the next month. To hold that leave should not be given because the court postponed the hearing of appellant's application beyond the year would be a very illiberal and narrow construction of the statute. The statute relates to the remedy, and should, as before stated, receive a liberal construction in furtherance of the remedy. But we are of the opinion that the defendant against whom a judgment may have been rendered without service or process or appearance may, upon learning of it after the expiration of

the year, make his motion to set it aside, and that the court should grant him leave to answer. And if the motion in such case is made before the expiration of the year, and the hearing is deferred until afterwards, the court should hear and decide the motion. Though a defendant should be first informed of a judgment so obtained years after its rendition, by the levy of an execution on his property, he would have the right to move the court to set it aside, and to ask for leave to plead or answer, and upon sufficient proof it would be the duty of the court to grant such a motion and leave. A party must be given an opportunity to be heard before judgment in a case to which he is a party, if he so desires. He is entitled to his day in court. *Ladd* v. *Stevenson*, 112 N. Y. 325; 1 Freem. Judgm. (4th Ed ) § 105; *People* v. *Greene*, 74 Cal. 400; *Mason* v. *Eldred*, 6 Wall. 231; *Great West Min. Co.* v. *Woodmas of Alston Min. Co.*, 12 Colo. 46; *Winters* v. *Means*, 25 Neb. 241. In *Great West Min. Co.* v. *Woodmas of Alston Min. Co.*, *supra*, the summons had been served on the foreman of the mine, instead of the general agent of the mining company, who was away at the time. The court said: " The service of process in this case was not made upon a general agent of the defendant company, and such service could not bind the company. * * * The record shows that the defendant company appeared by its attorney, and this is conclusive proof that the attorney so appeared, but only *prima facie* evidence of the authority of the attorney so to act. It would not only be harsh, but absurd, to hold that a person could be deprived of his property without notice, and upon the mere entrance of an appearance by an attorney acting wholly without authority delegated for this purpose. Attorneys are officers of the court, and their authority to appear will not be questioned by the court. Their appearance is *prima*

*facie* evidence of authority to act, but when such author-
ity is denied, or properly put in issue, it is competent to
rebut by proofs any presumptions which may arise from
such acts.  If the attorney was without authority, then
his acts could bind no one.    *    *    *    The proceedings
in this case are a direct attack upon the judgment, and it
is useless to discuss the question so ably presented by
counsel, whether a judgment can be attacked collaterally
for want of due service.  It was competent to show that
the service of the writ and summons was not made upon
a general agent of the defendant, and that the entry of an
appearance by the attorney was unauthorized, and that
no notice was given to the parties whose right was sought
to be affected by such entry.  It follows, as a logical re-
sult of the propositions before discussed, that a judgment
rendered without service, or upon the unauthorized ap-
pearance of an attorney, is (whenever it is made to appear
by proper proceedings instituted for this purpose) void and
that all sales or other proceedings had thereunder are, as
to all persons, irrespective of notice or *bona fides*, ab-
solute nullities.  A different rule might prevail if a judg-
ment is only attacked on the ground of fraud, and rights
have been acquired on execution sales without notice
of such fraud.  But absence of legal service or authorized
appearance is jurisdictional.  Without jurisdiction, no
judgment whatever will be entered, nor rights acquired
thereunder."    In *Ladd* v. *Stevenson, supra,* the court
used the following language: "The whole power of the
court to relieve from judgments taken through 'mistake,
inadvertence, surprise, or excusable neglect' is not lim-
ited by section 724; but, in the exercise of its control
over its judgments, it may open them, upon the applica-
tion of any one for sufficient reason, in the furtherance
of justice.  Its power to do so does not depend upon any

statute, but is inherent, and it would be quite unfortunate if it did not possess it to the fullest extent." Freeman, in his work on Judgments (section 105), says: "But if they were not at the trial, or were not represented there, on account of some mistake or excusable neglect, then their remedy is not by application for a new trial, but by an application addressed to the discretion of the court, and made under the statute authorizing relief to be granted from judgments rendered against a party through 'his mistake, inadvertence, or excusable neglect.' These statutes must be regarded as limiting the cases in which relief can be granted to applications made within the time, and for some of the causes specified in the statute, provided the relief is sought upon some of the grounds mentioned in such statutes. If, however, the motion is to vacate a judgment because irregularly entered, it may be granted, although not made within the time named in these statutes." In *Mason* v. *Eldred*, cited above, Mr. Justice Field, delivering the opinion of the court, said: "Judgments in cases of this kind against the parties not served with process, or who do not appear therein, have no binding force upon them personally. The principle is as old as the law, and is of universal justice, that no one shall be personally bound until he has had his day in court, which means until citation is issued to him, and opportunity to be heard is afforded." *Jones* v. *Insurance Co.*, 14 Utah 215, and *Watson* v. *Mayberry*, 15 Utah 265 are cited by respondent. The moving party in the first case had appeared at the hearing at which the order was made which he asked the court to set aside. In the latter case the party moving for a new trial had appeared upon the trial, and the court held that no appeal lies from an order overruling such a motion, but that the action of the court in making it can

be reviewed on appeal from the judgment rendered; that, if such motion is made within the 10 days given by the statute, the judgment does not become final, for the purposes of an appeal, until the motion is denied; and if granted, no appeal lies. These cases are not analogous to the case in hand, and are irrelevant and inapplicable in considering it.

The plaintiff also insists that Stookey's co-defendants are adverse parties to him on this appeal, and that notice of the appeal should have been served on them. The motion was to set aside the judgment as to the appellant, not as to his co-defendants. Edward A. Swenson and J. B. Swenson, co-defendants of Stookey, gave their affidavits upon the hearing of the motion from the decision from which this appeal is taken, and they did not object to the judgment against them, but stated that the attorneys were employed to appear for them, and that they were not employed to appear for Stookey; that they made no adverse claim against Stookey, and conceded all he claimed. No issue was made upon his claims. In fact, they corroborated his statements, and expressly concede his claims by voluntary statements in their affidavits. Section 3636, Comp. Laws Utah 1888, requires notice of the appeal to be "served on the adverse party." The co-defendants concede that the judgment was just as to them, and agree with Stookey in his contention with the plaintiff. If, as the appellant's co-defendants concede, the judgment was properly rendered against them, and it was wrongfully rendered as against him,—if the debt was theirs, and not his,—if they should be compelled to pay the judgment they could not compel contribution from him; they could have no adverse claim or right against him with respect to it in any event. If one defendant to a joint judgment pays it, he cannot com-

pel his co-defendant to contribute, unless the debt, as between themselves, was his co-defendant's debt, in whole or in part, or they were both sureties to a principal. If it was alone his debt, he cannot compel his co-defendant, who jointly or severally bound himself to pay it, to contribute. We cannot regard the appellant's co-defendants as adverse parties to him upon this appeal. *Randall* v. *Hunter*, 69 Cal. 80; *Hinkel* v. *Donohue*, 88 Cal. 597.

We do not regard the case of *Commercial National Bank* v. *United States S., L. & B. Co.*, 13 Utah 189 (a Utah case, to which we have been referred), as analogous, so far as it relates to the appeal, to this one.

It is also claimed that the service of the summons on appellant's co-defendants was sufficient to give the court jurisdiction to enter the judgment against the appellant. Reliance is placed on section 3191, Comp. Laws Utah 1888: "When two or more persons associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been defendants, and had been sued upon their joint liability." The suit in which the judgment complained of was entered was not against parties associated under a common name. The suit was against the defendants individually. Nor was the judgment against such association under such common name. And the individual property of the appellant was seized. Therefore the statute relied upon can have no application to this appeal. 2 Bates, Partn. § 1085.

It is further urged that, attorneys of this court having

professed to appear for the appellant in filing a demurrer to the complaint, he should be left to his remedy against the attorneys who without authority appeared for him. This rule, in effect, regards a judgment as valid against a defendant though he had no opportunity to appear in the case and contest it. The rule insisted upon would require a defendant to pay a judgment against him because an attorney, without his authority or knowledge, appeared for him in the case. In that case, without his fault, he would be compelled to pay the judgment, and rely upon his recourse by suit against the attorneys who appeared for him without his consent or knowledge. If leave is granted to appellant to file his answer, the case can be tried upon the issues made, and, if found for the defendant, the judgment can be set aside. If not, it will remain. And, if it shall be ascertained that the respondent was damaged by the wrongful appearance of the attorneys, it may collect from them. In the case of *Marvel* v. *Manouvrier,* 74 Am. Dec. 425, the court said: "At common law, it seems, the unauthorized entry of appearance by an attorney will bind the party, provided the attorney is able to respond in damages to the extent of the injury suffered by the defendant. Under our law the plaintiff is left to his remedy against the attorney who without authority undertakes to appear for and represent another in a court of justice. The party is not bound to show that he had a defense to the action. He may do that when he is cited." *Winters* v. *Means* (Neb.) 41 N. W. 157; *Critchfield* v. *Porter,* 3 Ohio St. 519; *Jones* v. *McKelway,* 17 N. J. Law 345.

In view of the facts appearing upon the hearing of the motion, the order of the court appealed from, denying appellant's motion, is reversed, and the cause is remanded, with directions to the court below to stay any

further proceedings to collect the judgment until the case is tried, to grant appellant leave to file his answer, and to try the case upon the issues made, and, if found for the appellant, to set the judgment aside; otherwise to permit it to remain in force.

BARTCH, J. I concur in the result.

MINER, J. (dissenting). From the facts as disclosed in this record, I have come to a different conclusion from that of the majority of the court. It appears that the plaintiff brought this action against the defendants to recover judgment upon two promissory notes set out in the complaint, and alleged that the defendants were copartners at the time the notes sued upon were made, and were doing business under the firm name and style of Swenson Bros. & Stookey, and as such firm made and delivered the notes upon which this action was brought. Summons was duly issued and served on defendants Swenson in January, 1896, but was not served on defendant Stookey. Within the time required to plead, all the defendants, through Messrs. Cherrington & Harkness, their attorneys, filed a demurrer to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the same was served on the attorneys for the plaintiff. This demurrer was heard and overruled February 8, 1896, and 10 days granted to defendants in which to answer. Notice of the overruling of the demurrer, etc., was duly served on defendants' attorneys, and service was admitted by Cherrington & Harkness. No answer being filed, the default of all the defendants was duly made, and judgment by default entered against them February 21, 1896. Execution was issued upon the judgment December 9, 1896, and levied in part upon property of defendant

Stookey. On February 3, 1897, defendant Stookey entered, and gave notice of a motion to set aside the judgment against him, and all subsequent proceedings, for reasons set forth in affidavits filed, basing the application upon the statute. Stookey's answer was attached to the notice of motion, but was not sworn to until February 25, 1897, after the expiration of a year from the entry of the judgment. Mr. Stookey, in his affidavit sworn to February 2, 1897, denied any knowledge of the judgment until after the adjournment of the term at which it was rendered, and that he had no knowledge of it until a short time before he made the affidavit; that he never employed any attorneys to appear for him in the action; that the co-partnership was dissolved October 2, 1895; and that plaintiff had notice of such dissolution. In his affidavit made February 19, 1896, he stated that Mr. Dey informed him of the judgment about October 1, 1895. It appears from the affidavit of J. B. Swenson that the demurrer was filed by Cherrington & Harkness, at his request, on behalf of himself and E. A. Swenson only, and that Stookey never authorized him to employ counsel, and he did not know that Stookey had any information as to the filing of the demurrer; that the partnership of Swenson Bros. & Stookey was dissolved October 2, 1895. In opposition to the motion, Thomas Blyth, one of the plaintiffs, testified to the amount of the indebtedness evidenced by the notes given by defendants; that the notes were given for goods sold defendants, as co-partners under the firm name of Swenson Bros. & Stookey, prior to July 2, 1895; that plaintiff had no notice or knowledge of the dissolution of the firm when the notes were given, nor until June, 1896; that in June, 1896, he notified Stookey that plaintiff had recovered judgment against him and his co-defendants; that there-

upon Stookey notified him of the dissolution of the firm, and that he (Stookey) had an indemnity bond from the other defendants to protect him against the indebtedness of the firm to the plaintiff; and that Stookey never denied such indebtedness, but claimed that Swenson Bros. should pay it. C. C. Dey, a member of the bar of this court, testified that in September, 1896, he demanded payment of the judgment from Stookey; that Stookey promised to have the judgment paid, and claimed to have indemnity from Swenson Bros. to secure him against paying the claim. Cherrington & Harkness were not called as witnesses upon the motion, and no excuse is given for not calling them. The motion was heard on March 6, 1897, and denied March 8, 1897. On April 10, 1897, defendant Stookey served on plaintiff's attorney, and filed with the clerk, a notice of appeal from the order and judgment rendered in favor of the plaintiff on February 21, 1896, and from the order made March 8, 1897, overruling defendant's motion to set aside and vacate the judgment. But no notice of such appeal was ever served on the co-defendants, Swenson Bros.

The respondent moves to dismiss the appeal on the ground that this court has no jurisdiction to hear said appeal, for the reasons—First, that the appeal from the judgment cannot be entertained because said appeal was not taken within one year from the entry of said judgment; second, the appeal from the order denying the motion to vacate the judgment cannot be entertained because said order is not a final judgment, and is not appealable; third, that neither of said appeals can be entertained because Stookey, the only defendant appealing, did not serve notice of appeal on either of his co-defendants, and claim that the judgment was regular and valid on its face, that the appellant was guilty of gross negli-

gence and want of diligence in presenting his motion after notice of the judgment, and that the proof shows no merit in his case, or good faith in his application. Under section 3679, Comp. Laws Utah 1888, a defendant appears in an action when he answers or demurs. The defendants all appeared in the action when the demurrer was filed, and the court had jurisdiction of the parties and the subject-matter of the suit. The judgment was valid on its face, and remained valid until set aside in accordance with the rules of law. *Suydam* v. *Pitcher*, 4 Cal. 280; *Rowland* v. *Coyne*, 55 Cal. 1; *Willman* v. *Friedman*, (Idaho) 38 Pac. 937.

The plaintiff had the right to rely upon the appearance of the defendants by their attorneys as valid, and was not required to have the summons served upon Stookey after such statutory appearance. If Mr. Stookey knew of the appearance by attorneys not authorized to appear for him, and of the judgment, and failed to take steps to set the judgment aside within a reasonable time, and notify the plaintiff of the false position in which he was placed, he was guilty of laches and bad faith, and should not be permitted to reap a benefit from such acts which would cause misfortune to another.

Where a judgment is valid upon its face, the defendant, moving to set it aside on the ground that he made no appearance, and the attorneys professing to appear for him had no authority so to do, must show—First, that he has a good defense; second, that he has been diligent in presenting his grievances to the court; third, that the attorneys in truth had no authority to represent him. *Seale* v. *McLaughlin*, 28 Cal. 668; *Garrison* v. *McGowan*, 48 Cal. 592; *Suydam* v. *Pitcher*, 4 Cal. 280; *Elliott* v. *Bastian*, 11 Utah 453; *Mahoney* v. *Middleton*, 41 Cal. 41; *Foote* v. *Richmond*, 42 Cal. 429; *Holmes* v. *Rogers*, 13 Cal. 191; *Hunter* v. *Bryant*, 98 Cal. 247.

The testimony tends to show that the notes upon which the judgment was rendered were given for an indebtedness incurred by Swenson Bros. & Stookey to plaintiff before the dissolution of the partnership, and that all the defendants were indebted to the plaintiff to the amount of the judgment. The judgment was rendered February 21, 1896. Mr. Blyth testified that Stookey knew of this judgment in June, 1896, within four months after it was rendered, and that Stookey then stated that he had taken an indemnity bond from the Swensons to protect himself from plaintiff's claim. Mr. Dey testified that he demanded payment of the judgment from Stookey in September, 1896, within seven months after the judgment was rendered, and that Stookey then promised to have the judgment paid, and claimed to have an indemnity bond from the Swensons to protect him in case of payment. In his affidavit of February 2, 1897, Stookey testified that he had no knowledge of the judgment until a short time immediately preceding the making of that affidavit. In his affidavit made February 19, 1897, he testified that Mr. Dey informed him of the judgment about October 1, 1896, or less than eight months after the judgment was rendered. Yet with this knowledge on his part he made no effort to set aside the judgment until February 13, 1897, long after efforts were made to collect it, nearly twelve months after its rendition, and from four to eight months after he knew the judgment was rendered against him, and four months after he had promised Dey that he would have it paid. There is no testimony in the case that Cherrington & Harkness were not pecuniarily responsible, and able to respond in damages for any judgment that might be recovered against them for appearing as attorneys for the appellant without authority from him, if it was found that they did so

appear. The authorities are clear that the attorneys would be liable in damages to the injured parties for such unauthorized appearance. 2 Enc. Pl. & Prac. p. 685, and authorities cited.

Under the testimony introduced, the court held that no good or sufficient defense or merits were shown, that the defendant Stookey had not been diligent in prosecuting his alleged grievances to the court, and that the showing made was not sufficient upon which to set aside the judgment. Speaking with reference to the merits of the case, under section 3256, Comp. Laws Utah 1888, the decision should not be disturbed on appeal unless a clear abuse of discretion is shown on the part of the trial court. *Krause* v. *Hampton*, 11 Iowa 457; *Thomas* v. *Morris*, 8 Utah 292. The testimony of Blyth and Dey, if true,—and the court believed them,—would seem to justify the decision of the court.

This appeal is taken from the judgment as well as from the order denying defendant's motion to set aside and vacate the judgment. The judgment was rendered February 21, 1896. The appeal therefrom was taken April 12, 1897. I am of the opinion that the appeal from the judgment should be dismissed because it was not taken until after the expiration of more than one year from the time of the entry of the judgment. 2 Comp. Laws Utah 1888, § 3635; *Henly* v. *Hastings*, 3 Cal. 341; *Tripp* v. *Railroad Co.*, 69 Cal. 631; *Railroad Co.* v. *McGrath*, 74 Cal. 49; *Davis* v. *Donner*, 82 Cal. 35; *Goyhinech* v. *Goyhinech*, 80 Cal. 409; *In re Wiard's Estate* (Cal.) 24 Pac. 45; *Henry* v. *Merguire*, 111 Cal. 1; *Bornheimer* v. *Baldwin*, 42 Cal. 31; *People* v. *Loucks*, 28 Cal. 69.

The motion to vacate and set aside the judgment because the summons was not served upon the appellant, Stookey, and because his appearance was entered with-

out his authority, was a proceeding justified by section 3256, Comp. Laws Utah 1888, but became ineffectual to afford a remedy or relief, because the remedy was barred by the statute limiting the time in which the motion must be made and determined, and because the court did not make the order until about fourteen months after the rendition of the judgment. This was caused by the neglect, laches, and want of diligence on the part of the appellant to enter his motion within a reasonable time after he knew of the judgment. He delayed the entry of the motion nearly eight months after he knew the judgment was entered, and over four months after he had promised Mr. Dey, plaintiff's attorney, that he would have the judgment paid. "Although a party may have the right to raise the question of the nullity of a judgment or decree because of an unauthorized appearance by an attorney, this does not excuse, but, in view of public policy, requires him who had been represented by an unauthorized attorney to disavow and disaffirm his action promptly upon receiving knowledge thereof. If he does not thus speak when he ought to, the court will not hear him when he wants to, especially if his delay has been prejudicial to the rights of third parties." 2 Enc. Pl. & Prac. p. 694. This court in *White* v. *Pease*, 15 Utah 170, that any errors committed by the trial court in granting or refusing to grant a new trial under section 3635, Comp. Laws Utah 1888, and any affidavits used on said motion, if properly identified and embodied in a bill of exceptions, or otherwise properly preserved in the record, may be reviewed on appeal from the judgment. Had the appeal been taken from the judgment within the year allowed by section 3635, then the errors assigned on the overruling of the motion, made under section 3635, might have been considered on the appeal from the judgment,

even if the motion made before was not decided until after the appeal was taken. The main trouble lies in the fact that the appeal was not taken within the year allowed by law. Comp. Laws Utah 1888, § 3652; *Tripp* v. *Railroad Co.*, 69 Cal. 631; *Chouteau* v. *Nuckols*, 33 Mo. 148; *Anderson* v. *Sloan*, 1 Colo. 33; *Eastman* v. *Gurrey*, 14 Utah 169; *White* v. *Pease*, 15 Utah 170.

Unless the appeal is taken within the time prescribed by law, the court has no jurisdiction to hear the appeal, nor to extend the time in which the appeal may be taken. The time to appeal from a judgment, under our statute, begins to run from the entry of the judgment, and not from the time when the court overrules the motion for a new trial, or other motion with reference to it. See cases cited above. In the case of *North Point Consol. Irr. Co.* v. *Utah & S. L. C. Co.*, 14 Utah 155, it was held that an appeal from an order, made *pendente lite*, granting a temporary injunction, was not an appeal from a final judgment from which an appeal would lie under section 9, art. 8, of the constitution. In *Eastman* v. *Gurrey*, 14 Utah 169, this court held that the constitution had taken away the right of appeal from an order vacating and setting aside a judgment, and that such an order was not a final judgment from which an appeal would lie. In the case of *White* v. *Pease*, 15 Utah 170, this court held that an order refusing to grant a new trial comes within the rule laid down in the above cases, and that such an order is not a final judgment from which an appeal will lie to this court under section 9, art. 8, of the constitution. In *Jones* v. *Insurance Co.*, 14 Utah 215, this court held, in substance, that a motion to vacate a final judgment comes too late after the term has expired, and after the time within which a motion for a new trial can be made, and should be denied. An order overruling a mo-

tion to set aside a judgment is not a final judgment, under section 3635, and is not an appealable order, under our constitution and the rules laid down by this court. The appeal should be taken from the original judgment, and intermediate orders affecting the judgment may be reviewed on appeal from the judgment. Comp. Laws Utah 1888, § 3652. The appeal in this case was not taken until the expiration of over one year, and the order overruling the motion to set aside and vacate the judgment was not rendered until over fifteen months, after the judgment. The period fixed by statute, in allowing appeals within one year from the entry of the judgment, is an express limitation of time within which the appeal must be taken, and is not a flexible rule to be varied by extrinsic circumstances. Section 3256, Comp. Laws Utah 1888, provides that: "* * * When from any cause, the summons in an action has not been personally served on the defendants, the court may allow on such terms as may be just, such defendant, or his legal representatives, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action. * * * " The period within which this discretion can be exercised is expressly limited to one year after the rendition of the judgment, and this time cannot be enlarged or extended by merely giving notice to vacate the judgment within one year. The party is required to act, and must bring his notice to a hearing and determination before the court, at his peril, within the year, or the power to relieve under the statute is gone. This provision is based upon the reasonable presumption that a year affords ample time and opportunity for a party to obtain relief, if he is diligent. *Knox* v. *Clifford,* 41 Wis. 458; *Elliott* v. *Bastian,* 11 Utah 452; *Henly* v. *Hastings,* 3 Cal. 341; *Railroad Co.* v. *Mc-Grath,* 74 Cal. 49.

In *Elliott* v. *Bastian,* 11 Utah 452, this court in construing a part of section 3256, Comp. Laws Utah 1888, said: "It is clear that this section controls the power of court to grant relief against judgments of the character shown in the case at bar, and limits their discretion. It is unnecessary to discuss their power at common law, or in the absence of statutory provisions. This section is a part of our civil procedure. It is concerning a matter which is a rightful subject of legislation. Though our courts possess common-law and chancery jurisdiction, the Code prescribes limitations beyond which they cannot go. The time within which such relief can be given [in that case] is six months after the adjournment of the term at which the judgment was rendered. The reason of the statute is obvious. There ought to be some fixed time within which the court can exercise this discretion upon the application of the aggrieved party; and there ought, in the interest of the public, to be some period when persons could purchase property which has been the subject of litigation, and have some assurance that the title, while perhaps vulnerable, could not be assailed upon a motion, and a judgment which had given title, be vacated, without making them parties, and affording an opportunity to meet the allegations of the moving party upon which the application was based to set aside a solemn and formal judgment,"—and held, further, that the court had no power to vacate a judgment after the period limited by statute, and that the only remedy for a party under such circumstances was by a bill of review, common in chancery practice, which is peculiarly fitted to bring before the court all the parties, and to present all the facts connected with the litigation, including those which are explanatory of the judgment, and the delay, if there be any, in making the

15 UTAH—24

application to have the judgment vacated, under which equitable proceedings justice might be done. In the case of *People* v. *Harrison*, 84 Cal. 607, it was held that a motion would not lie to set aside a judgment after the lapse of time limited by statute, if the judgment is not void on its face, and that an action brought regularly for that purpose was the proper remedy. 2 Enc. Pl. & Prac. 693; *People* v. *Temple*, 103 Cal. 453; *Jacks* v. *Baldez*, 97 Cal. 91; *People* v. *Goodhue*, 80 Cal. 200; *People* v. *Greene*, 74 Cal. 400.

It seems clear, from authority, that in cases where judgments have been obtained without service of process, but which are regular and valid on their face, and the defendant has no knowledge of the judgment until the statutory time to move to set aside has expired, or was prevented from making the motion from other causes, named in the statute, over which he had no control, within the times provided by statute, a court of equity would have jurisdiction in the premises, when all the parties in interest have been brought before it. Courts of equity will not ordinarily entertain jurisdiction when the remedy at law is complete.

It is also insisted that this court has no jurisdiction of this case because defendant Stookey, the only defendant appealing, did not serve notice of appeal upon his co-defendants, who were parties interested in the appeal. This court held in *Commercial Nat. Bank* v. *United States S., L. & B. Co.*, 13 Utah 189, and *Rache* v. *Stanley*, 15 Utah 314, that, under section 3636, Comp. Laws Utah 1888, notice of appeal shall be served on a co-defendant who does not appeal; that the term "adverse party," used in the statute, meant every person whose interests required that the order, judgment, or decree appealed from be sustained, or who are interested in opposing the relief, and that every such person must be served with a

notice of appeal, regardless of whether he appeared as one of the original parties to the action, or was brought in by order of the court; that it would not be presumed that co-defendants who have not been served with notice of appeal have no interest in the judgment which would be in conflict with a reversal. It is true that both co-defendants were sworn as witnesses on the hearing of the motion, as any other witness would be sworn for the plaintiff or defendant, and gave testimony tending to corroborate the appellant in some respects, but not in all respects; but it does not appear from defendant J. B. Swenson's affidavit that he conceded Mr. Stookey's claim, or that he made no adverse claim. Their interests may be adverse. I cannot presume they had no interest in the judgment that would be in conflict with a reversal. The question of contribution might arise between them, inasmuch as it appears that the judgment arose from firm indebtedness. Had they been notified, they might have appealed, or contested this appeal. I am of the opinion that the appeal should have been dismissed.