[S. F. No. 1184. In Bank.—December 2, 1897.]

JOHN N. PIGNAZ, Respondent, v. GEORGE W. BURNETT et al., Appellants.

APPEAL FROM JUDGMENT—TIME FOR APPEAL—AMENDMENT OF CODE NOT RETROSPECTIVE—DISMISSAL REFUSED.—The amendment to section 939 of the Code of Civil Procedure, approved March 3, 1897, reducing the time allowed for appeal from a judgment from one year to six months, is to be construed not to be intended to operate retrospectively upon judgments entered before its passage, but as limited in its operation to judgments thereafter entered; and an appeal taken within one year from the entry of a judgment entered before the passage of such amendment, and more than six months after such entry, will not be dismissed.

CONSTITUTIONAL LAW—POWER OF LEGISLATURE—RETROSPECTIVE OPERATION OF STATUTES—PRESUMPTION.—Though the legislature has power to give to statutes a retrospective operation, if they are not *ex post facto*, and do not impair the obligation of contracts, or deprive any one of vested rights, yet it is to be presumed that no statute, is intended to have such effect, unless the contrary clearly appears, and especially so where to give the statute retrospective effect would work manifest injustice.

APPEAL—FAILURE TO FILE TRANSCRIPT—DISMISSAL REFUSED—UNSETTLED BILL OF EXCEPTIONS.—An appeal will not be dismissed for failure to file a transcript within forty days after the taking of the appeal, where it appears that the settlement of a bill of exceptions to be used upon the appeal is pending and undetermined, and there is no coun- ter showing that the right of the appellant to have the bill of exceptions settled has not been kept alive.

ID.—APPEALABLE ORDER—REFUSAL TO RESTRAIN SHERIFF FROM EXECUTING WRIT OF ASSISTANCE, GRANTED EX PARTE.—An order refusing a motion of persons in possession of lands sold under foreclosure of a mort- gage, who were not notified of an *ex parte* order granting a writ of assistance to a purchaser at the sale, to restrain the sheriff from executing the writ, is appealable as an order made after final judg- ment; and the fact that the motion was in effect a motion to vacate the order granting the writ and to recall the writ, will not justify the dismissal of the appeal from the order refusing the motion.

ID.—REFUSAL TO VACATE ORDER, WHEN APPEALABLE.—It is only when a party aggrieved has already had an opportunity to appeal from an orig- inal order that he cannot appeal from an order refusing to vacate it; but the reason of this rule does not apply where no appeal could be taken from the first order, or when such an appeal would be vain for lack of a record showing the rights of the aggrieved party; and where the first order was made *ex parte*, the right to move to vacate the order, and to show cause against it is implied, and the only appeal which can avail is an appeal from the order refusing to vacate the first order.

ID.—FAILURE TO GIVE UNDERTAKING—GROUNDS OF MOTION TO DISMISS.—The failure to give an undertaking upon an appeal from an order will not be considered upon a motion to dismiss the appeal, which does not assign such failure as one of the grounds of the motion.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco, and also to dismiss an appeal from an order refusing to restrain the sheriff from executing a writ of assistance. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Respondent.

Walter J. Thompson, for Appellants.

TEMPLE, J.—This is a motion to dismiss the appeal of George W. Burnett and Annie Frances Burnett from the final judgment and also from an order refusing to vacate an order for a writ of assistance.

The action was for the foreclosure of a mortgage, and one William Nicol was a codefendant with the appellants. Nicol appeared in the action, and set up his claim to a lien subsequent to the lien of the plaintiff. Judgment was entered August 21, 1896. The appeal was taken July 31, 1897.

A sale of the mortgaged premises under the decree had taken place in November, 1896, at which the plaintiff was the purchaser. Thereafter, and until the eleventh day of June, 1897—according to the verified statements of the appellant—the sheriff refused to issue a certificate of sale or to record a duplicate, and also refused to furnish appellants with the necessary data to enable them to redeem the premises from said sale. They also assert that the property was worth much more than was realized from said sale, and that they were ready and desirous of effecting a redemption.

The premises not having been redeemed, the sheriff, on the 26th of June, 1897, executed and delivered to the plaintiff a deed, and thereafter, on the 8th of July, 1897, a writ of assistance was issued, requiring the sheriff to put the purchaser in possession. Subsequently, appellants obtained an order to show cause on the 23d of July, 1897, why the sheriff should not be restrained from executing the writ. July 30, 1897, the court refused the order applied for. The appeal from the judgment and from the order above recited was taken on the 31st of July, 1897.

The grounds of the motion are: 1. The notice of appeal was not served upon defendant Nicol. This point was abandoned at the argument; 2. The notice of appeal was not served and filed within six months after the entry of judgment; 3. The transcript on appeal was not served and filed as required by the rules of the court; and 4. The order is not an appealable order.

At the time the judgment was entered an appeal could be taken from a final judgment at any time within one year after its entry. March 3, 1897, section 939 of the Code of Civil Procedure was so amended as to give only six months after the entry of judgment within which an appeal can be taken. At the time

of the amendment the period of six months had already elapsed since the entry of the judgment; there remained, however, five months of the time allowed for taking an appeal under the code before the amendment. The act took effect sixty days after its passage, at which time nine months had elapsed since the entry of judgment. The appeal was taken after that time, but within the period of twelve months from the entry of judgment.

If the amendment operated retrospectively, it cut off the right of appeal immediately upon the taking effect of the act, affording no opportunity whatever thereafter for the exercise of this privilege, and depriving this court, so far as the legislature can, of its jurisdiction in the cases upon which it would so operate.

To make this statute applicable to judgments entered before it went into effect is to give it a retroactive effect. But it is no objection to the validity of a statute to say that it is retrospective in its operation. The question is, Is the amendment an *ex post facto* law, or does it impair the obligation of contracts? and also, perhaps, whether it deprives anyone of vested rights. If it does none of these things, it is no objection to it that it applies to pending cases or past transactions.

Laws which create new obligations, or impose new duties, or exact new penalties because of past transactions, have been universally reprobated by civil and common law writers, and it is to be presumed that no statute is intended to have such effect unless the contrary clearly appears. This is especially so where to give the statute retrospective effect would work manifest injustice. Existing laws, it is said, enter into and become part and parcel of contracts to which they are applicable. How obvious it is, therefore, that all should be able to contract obligations with knowledge of the laws which thus enter into them.

It is quite obvious that great hardship is likely to result if a retroactive effect is given to this statute. One may be presumed to know the laws of the land, but the very instant this amendment took effect, if it be retroactive, the right of appeal was cut off at once. No time whatever was given to appeal in those cases in which judgments had been entered six months or more previously. Unless it is absolutely necessary, we should not impute such an intention to the legislature. In view of the con-

struction which has almost invariably been given to statutes of this character, I feel sure that the legislature intended that its operation should be limited to judgments thereafter entered.

The motion to dismiss the appeal from the judgment is also based upon the fact that no transcript on appeal was filed in this court, and that more than forty days have elapsed since said appeal was taken. In reply, the appellants filed an affidavit showing that the appeal was taken on the 31st of July, 1897, and: "That thereafter, and in due time as provided by law, these appellants (this affiant and the other defendant, Annie F. Burnett) prepared and served on the respondent's attorney a bill of exceptions to be used on the appeal from said order and judgment, and thereafter and in due time the respondent's attorneys served their amendments to the said proposed bill of exceptions, and thereafter the said amendments were refused by the appellants, and the said proposed bill of exceptions, with the said amendments, were left with the judge for settlement, and are not yet settled or allowed by the said judge, and the transcript cannot be filed until the same have been settled."

There is no counter-showing, and although a bill of exceptions upon appeal, from the order simply, could not be used on the appeal from the judgment, it is in the nature of things possible that the right of the defendants to have a bill of exceptions on the appeal from the judgment has been kept alive until the present time, and, in view of the uncontradicted affidavit, we must presume it was done. In the moving papers it is merely shown that no bill of exceptions or statement on appeal has ever been settled.

The contention that the order refusing to restrain the sheriff from executing the writ is not appealable certainly finds warrant in numerous decisions of this court. In effect, the motion was to vacate the order for the writ and to recall the writ.

*Henly v. Hastings*, 3 Cal. 341, seems to be the first in this line of decisions. An *ex parte* order had been made striking out a marginal entry of satisfaction of a judgment. The appeal was from an order refusing to vacate this order. The court said the first order was wrong, and the refusal to alter it any number of times would not make it less so. The appeal should have been from

the first order and not from a mere determination of the court to abide by it.

The next two cases upon the subject were *People v. Grant*, 45 Cal. 97, and *San Jose v. Fulton*, 45 Cal. 316. In both of these cases the court declined to follow *Henly v. Hastings, supra*, but attempted to discriminate the cases. In the first it was said that the rule could not apply where the party appealing from the second order could not have appealed from the first. Therefore, where a person not a party to the suit is purchaser, and his grantee obtains a writ of assistance, the person who had been ejected, but who contended that he was not in privity with the defendant in the suit, could move to vacate the writ, and appeal from an order denying his application. It is obvious that this appellant did not really move to vacate the order, but to be restored to possession as one improperly ejected. The writ did not run against him.

In *San Jose v. Fulton, supra*, the defendant in the action moved to vacate the order allowing the writ, which had been issued *ex parte* upon the application of the grantee of the original purchaser. The court held the grantee of the purchaser to be a mere intruder, and, therefore, the writ was irregularly issued, and, therefore, the defendant may not have had notice, "for in the absence of notice of the application actually given, a party is not held to knowledge of the entry of an order obtained by one who is not already a recognized adversary in the case." And, as he might not know of the order until it would be too late to appeal from the first order, the case is made an exception.

The hardship of such an application of the rule is apparent, but I fail to see that the writ was irregularly issued or that it was issued at the instance of an intruder.

It is not expected that the purchaser at such a sale will be the adverse party in the case. Indeed, it has been thought that he cannot purchase without special provision to that effect in the decree. If the grantee of the original purchaser is entitled to the writ at all, he is in no sense an intruder. The simple fact is, that the court found that the rule would operate unjustly and refused to enforce it. The court recognized the fact that to enforce such a rule, in that case, would be practically to deny an appeal, and it would often amount to the same thing if the party

injured is compelled to appeal from an *ex parte* order where, having no opportunity to make a showing, he cannot present his case to the appellate tribunal; and frequently, too, he would have no notice of the order until it is too late to appeal. In *Henly v. Hastings, supra,* the defendant may have paid the judgment, and, having seen that satisfaction was duly entered, his case was ended. He was not bound to watch for further proceedings, nor was he presumed to have notice of the *ex parte* restoration of the judgment.

The appellate jurisdiction comes from the constitution and not from the statute. The statute procedure, however, recognizes fully the right of appeal when it provides that all orders made before judgment may be reviewed on appeal from the judgment, and all special orders after judgment are themselves appealable. The order appealed from is a special order made after judgment and comes within the terms of the statute. So, also, did the orders involved in the cases relied upon by the respondent. The only possible reason for refusing to entertain appeals in those cases was that the party aggrieved had already had an opportunity to appeal from the same ruling, and cannot extend his time for taking an appeal by making the court repeat its ruling. But the reasons cannot apply where no appeal could be taken from the first order, or when such an appeal would be vain for lack of a record showing the rights of the aggrieved party. The cases above cited from 45 California are made exceptions to the rule on that ground, and these cases are approved in *Green v. Hebbard,* 95 Cal. 39.

As to every order finally disposing of the rights of the parties, as to any matter involved in the litigation—orders, final in the sense that the question cannot be again considered in the case—the parties affected have a right to be heard.

When they are made *ex parte,* the right to move to vacate the order, and upon such motion to show cause against the order, is implied. In such case, the only appeal which can avail is an appeal from the order refusing to vacate. In no other way, where evidence is submitted, can the appellant present to this court his showing against the order. To say he cannot do this is to deny him his right of appeal.

With the general rule laid down in the numerous cases cited

by respondent I have no quarrel. Exceptions to the rule have heretofore been made, and this case falls within the reason of those exceptions. It must be admitted that this court has not always properly discriminated between the cases which are within the rule and those which are not. They will not justify us, however, in refusing to appellant a right secured to him by the constitution and the statute.

It is said that no undertaking was given on the appeal from the order. The failure to give an undertaking was not one of the grounds of the motion, and cannot now be considered.

The motion is denied.

Beatty, C. J., Harrison, J., and Garoutte, J., concurred.

McFarland, J., concurred in the order.