[Civ. No. 1956.    Second Appellate District.—February 14, 1916.]

THOMAS HESTER, Appellant, v. ED McMULLAN, Respondent.

APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL—AMENDMENT OF 1915 TO SECTION 963, CODE OF CIVIL PROCEDURE.—Under the amendment of 1915 to section 963 of the Code of Civil Procedure, which took away the right theretofore existing in a party to appeal from an order refusing a new trial, an appeal from such an order taken after the amendment became effective must be dismissed, although the proceedings for a new trial were instituted prior thereto.

ID.—CONSTRUCTION OF SECTION 939, CODE OF CIVIL PROCEDURE—AMENDMENT OF 1915.—Section 939 of the Code of Civil Procedure, as amended in 1915, does not enlarge the right of a party to appeal in cases other than those specified in section 963 of the Code of Civil Procedure.

MOTION to dismiss an appeal from an order of the Superior Court of Imperial County denying a new trial.

The facts are stated in the opinion of the court.

E. A. Simon, and Galen Nichols, for Appellant.

O. O. Willson, Dan V. Noland, and Walter B. Kibbe, for Respondent.

JAMES, J.—Motion to dismiss an appeal taken from an order denying the application of the plaintiff for a new trial. The principal ground of the motion is, as stated in the notice, that the law does not provide for the taking of an appeal from such an order. It appears that on the twenty-sixth day of April, 1915, a judgment was entered in the cause; that on June 25th plaintiff filed an undertaking on appeal; and that on October 15, 1915, a statement of the case on motion for a new trial was settled by the judge, and the notice of appeal from the order denying plaintiff's motion for a new trial was filed on the seventeenth day of December, 1915. No appeal was taken from the judgment. The legislature of the year 1915 enacted a statute amending section 963 of the Code of Civil Procedure, and by that amendment took away the right theretofore existing in a party to appeal from an order refusing a new trial. This statute became effective in August, 1915; so that at the time the order was entered denying to the plaintiff a new trial there was no statute law permitting an appeal to be taken therefrom. It is complained that if such effect be given to the statute as to deprive plaintiff of his privilege of taking an appeal from the order denying the motion for a new trial, rights will be interfered with which became vested prior to the taking effect of the statute, and the statute, to that extent, would be invalid. *Pignaz* v. *Burnett*, 119 Cal. 157, [51 Pac. 48], is the principal case cited. There the question was as to what effect should be given a statute which limited the right of appeal from a judgment which had been entered prior to the time that the statute took effect. The supreme court held that upon the entry of the judgment the right of appeal became vested for the full time allowed by the statute then existent. The plain inference to be drawn from the argument of that decision, viewed negatively, is that, had the statute taken effect prior to the time of the entry of the judgment, its effect would have been to limit the right of appeal from the judgment. It is here argued that, because the plaintiff had instituted proceedings in the direction of applying to the court for an order granting him a new trial, therefore the making of the order would be considered as relating back so as to relieve the appeal from the effect of the statute. If this argument be of force, then in those cases where, like the one above cited, the date of the entry of the judgment was viewed as the material thing, it

might as well have been held that the plaintiff, when he filed his action and so instituted a proceeding which eventuated in a judgment, caused a right to accrue to the adverse party in the matter of the taking of his appeal which could not be affected by the changed statute, regardless of the date of the actual entry of the judgment, whether that entry was before or after the statute took effect. We find no added weight given to the appellant's argument in opposition to this motion to dismiss, by an examination of *Boin* v. *Spreckels Sugar Co.,* 155 Cal. 612, [102 Pac. 937] ; *Estate of Richmond,* 9 Cal. App. 402, [99 Pac. 554] ; and *People* v. *Nash,* 15 Cal. App. 320, [114 Pac. 784], all of which he cites, as those decisions go no further than does the announcement of the court as expressed in *Pignaz* v. *Burnett,* 119 Cal. 157, [51 Pac. 48]. Neither do we find that section 939 of the Code of Civil Procedure, as amended in 1915, enlarges the right of a party to appeal in cases other than those specified in section 963 of the Code of Civil Procedure.

The motion to dismiss the appeal attempted to be taken from the order denying to the plaintiff a new trial is granted.

Conrey, P. J., and Shaw, J., concurred.