[No. 3,506.]

## THE MAYOR AND COMMON COUNCIL OF THE CITY OF SAN JOSE *v.* ROBERT J. FULTON ET AL.

WRIT OF ASSISTANCE. — The writ of assistance is a summary proceeding used to give effect to the decree, and if the rights of the parties have been changed since the decree and sale, by reason of any agreement between the defendant and the purchaser at the sale, or his *cestui que trust,* or if it be alleged that such is the case, and the allegation is controverted, the writ should not be issued.

WHEN WRIT OF ASSISTANCE SHOULD NOT ISSUE.—If the Sheriff's grantee holds the title in trust for another and such other has contracted with the defendant to sell him the land conveyed by the Sheriff's deed, or if it be alleged that such is the fact, and a real controversy exists in relation to it, a writ of assistance should not issue.

WHEN MOTION TO VACATE ORDER LIES.—The rule that one affected by an order regularly entered which is the subject of an appeal, must assail it by an appeal, and not by an application to set it aside, does not apply to an ex parte order obtained by an intruder who was not a party to the action.

WHO NOT ENTITLED TO A WRIT OF ASSISTANCE. — The grantee of the Sheriff's grantee, under a sale on a judgment enforcing the lien of a tax, is not entitled to a writ of assistance.

NOTICE OF APPLICATION FOR WRIT OF ASSISTANCE.—When application is made for a writ of assistance under a Sheriff's sale enforcing the lien of a tax, notice should be given to the defendant, and also to the ter-tenant, if there be one who will be disturbed by execution of the writ.

APPEAL FROM ORDER.—An appeal lies from an order refusing to vacate an order granting a writ of assistance.

MOTION TO VACATE ORDER.—A motion may be made to vacate an ex parte order granting a writ of assistance.

APPEAL from the District Court of the Twentieth Judicial District, County of Santa Clara.

The facts are stated in the opinion.

*Houghton & Reynolds*, for Appellant.

The affidavit of Fulton, which is uncontradicted, shows that he was entitled to the possession as successor in interest to the purchaser at the Sheriff's sale, and not the respondent Reauda. (*Pell* v. *McElroy*, 36 Cal. 268, and cases cited on pp. 271, 272.) This affidavit was entitled to be considered, especially as the writ was granted ex parte to one claiming to be a successor in interest of the purchaser. (Van Santvoord's Eq. Pr. 639.)

*D. M. Delmas*, and *Moore, Laine & Leib*, for Respondent.

The appeal should be dismissed, because the order appealed from is not an appealable order. It is an order refusing to vacate an order previously made. The time for appealing from the first order had expired at the time the motion to vacate it was made. (*Henly* v. *Hastings*, 3 Cal. 341; *Thompson* v. *Lynch*, 43 id. 482; *Coombs* v. *Hibberd*, id. 453.) There was no error in the order refusing to vacate the order granting a writ of assistance made May 7th, 1872. The defendant could not, through a motion to vacate, obtain a review of the previous order after the time to appeal therefrom had expired. (Cases cited *supra*.)

By the Court, WALLACE, C. J.:

In 1869 the plaintiffs recovered judgment in the District Court, in Santa Clara County, against Fulton and the real

estate in controversy for certain taxes adjudged to be delinquent.  In 1870 the premises were sold under this judgment to one Kennedy, who, having received the Sheriff's deed, conveyed them some two years afterwards to one Reauda, and the latter, in May, 1872, through D. M. Delmas, Esq., his attorney, upon ex parte application to the Court, and upon production of the Sheriff's deed to Kennedy, and the conveyance of the latter to himself, accompanied with proof of a demand made upon Fulton to be let into possession, and of the refusal of the latter to comply, obtained on order that a writ of assistance issue in his favor.  Subsequently Fulton, upon notice to Reauda, moved the Court upon the judgment roll in the cause, and also upon his own affidavit, to set aside the writ of assistance and the order by which it had been directed to issue, and an order having been entered denying his motion, he brings this appeal "from the order * * * refusing to vacate or set aside the writ of assistance issued in said action."

In his affidavit—which was uncontradicted—he alleged in substance that Reauda had no beneficial estate or actual interest in the premises, but that he, and Kennedy before him, had successively held the title only in trust for Mr. Delmas; that Fulton had agreed with Mr. Delmas to purchase the title, which had been acquired through the Sheriff's deed, and had actually paid him the purchase price agreed upon, etc.

1. Assuming Delmas to have been the sole owner of the title derived through the Sheriff's deed, and that he afterwards parted with it, or agreed to part with it, to Fulton, who was in possession of the premises, and that Delmas had received the consideration therefor, it is clear that a writ of assistance should not have been issued to disturb Fulton's possession; nor should the writ have issued if it appeared that a question of this character, though controverted in point of fact, was pending between the parties.  The writ

of assistance is a summary proceeding resorted to under the rules of chancery practice to give effect to the decree, and presupposes that the rights of the parties are only such as follow upon the decree and the sale had pursuant thereto. If, however, it appear that those rights have been changed by reason of an agreement, or alleged agreement, subsequently entered into, so that the issuance of the writ would or might work injustice, it should be withheld, and the parties remitted to the ordinary remedies afforded in the Courts.

·Irrespective of other points involved, and which will be noticed presently, it follows that upon the matters disclosed in the uncontradicted affidavit of Fulton the motion to set aside the order, and the writ issued thereon at the instance of Reauda, should have been granted.

2. It is objected, however, that Fulton should have appealed directly from the order obtained by Reauda, instead of moving to set it aside, and then appealing from the order denying his motion.

It is well settled that where an order which is the subject of an appeal is regularly entered in a cause, a party supposing himself to be affected thereby is not ordinarily at liberty to assail it by means of a subsequent motion to set it aside, but is held to the taking of an appeal therefrom within the time limited by statute for that purpose. But the rule applies only to such orders or proceedings as are *regularly* had. It does not apply to an *ex parte* order taken at the instance of a mere intruder into the case—for in the absence of notice of the application actually given, a party is not to be held to knowledge of the entry of an order obtained by one who is not already a recognized adversary in the case. It would be unreasonable to impute to him notice of the steps taken by a mere stranger to the litigation resulting in an order injurious to his rights, and a knowledge of which may not, in fact, reach him until too late to take his appeal.

And we think that the order of May, 1872, was one of that character. The statute (Hittell G. L., Sec. 6194) has provided that a writ of assistance may be issued in favor of the holder of a Sheriff's deed upon a tax sale. We lately held in *People* v. *Grant*, ante, p. 97, that the grantee of the holder of a Sheriff's deed was not a person in whose favor such a writ should be awarded. The statute in this respect adopted the practice prevailing in Courts of equity in favor of the purchaser at a master's sale held under the direction of the Court, and extended that practice to the Sheriff's grantee upon a sale for taxes and to no other person, certainly not to the subsequent vendee of the Sheriff's grantee, whether immediate or remote. In this respect the statute did not depart from any established rule prevailing in Courts of equity. Said Chancellor WALWORTH: "There is no settled practice of this Court entitling a subsequent purchaser from the purchaser at a master's sale, as a matter of right, to the assistance of the Court to obtain the possession of premises which his grantor had purchased under the decree." (*Van Hook* v. *Throckmorton*, 8 Paige Ch. R. 32.)

I am of opinion that Fulton had the right to move the Court below to set aside the order made in May, 1872, at the instance of Reauda, and that he can support an appeal from the order denying his motion.

These views dispose of the appeal, but it is, perhaps, proper to add that in cases where application is made under the statute referred to for a writ of assistance even by the holder of the Sheriff's deed, a notice of such application should be first given to the defendant, and also to the ter-tenant, if there be one, whose interest would be disturbed by the execution of the writ applied for. Such a notice would seem to be not unusual in similar applications under the practice prevailing in equity. (*Devaucene* v. *Devaucene*, 1 Edw. Ch. R. 272; *Ludlow* v. *Lansing*, Hopk. Ch. R. 264; *Valentine* v. *Teller*, id. 480.) In practice such a notice pre-

viously given would operate to prevent surprise and possible injustice and peril to the rights of parties and embarrassment in the assertion of those rights, such as occurred in *People* v. *Grant, supra,* and in this case.

Order reversed and cause remanded, with directions to set aside the writ.