(February 28, 1922.)

F. D. WILLIAMS, as Receiver of STATE SAVINGS BANK
OF BUTTE, MONTANA, a Corporation, Plaintiff, and
S. M. NIXON, Applicant for Writ of Assistance as
Grantee in Sheriff's Deed, Respondents, ·v. E. H.
SHERMAN and SINA E. SHERMAN, Appellants, and
GRACE A. SHERMAN, CHARLEY CARLSON, GUST
JOHNSON, HULDA JOHNSON, and the Unknown
Heirs of JOHN C. FERGUSON, Deceased, and the
Unknown Devisees of JOHN C. FERGUSON, Deceased,
Defendants.

[205 Pac. 259.]

WRIT OF ASSISTANCE—BY WHOM GRANTED—CLERK—COURT—NOTICE—
TO WHOM ISSUED—MOTION TO VACATE—DIRECT ATTACK—COLLAT-
ERAL ATTACK.

1. The granting of a writ of assistance is a judicial act, and
cannot be performed by a clerk of the district court.

2. A writ of assistance granted by the clerk, without action by
the court, is void and should be vacated on motion.

3. Notice of application for a writ of assistance must be given
the person in possession.

4. The holder of a sheriff's deed on foreclosure is a proper
party to apply for a writ of assistance, although not originally a
party to the foreclosure proceeding.

5. A motion to vacate a writ ᵛof assistance on the ground it
was granted by the clerk and without notice is a direct, not a col-
lateral attack.

APPEAL from the District Court of the Ninth Judicial
District, for Fremont County.   Hon. James G. Gwinn, Judge.

Publisher's Note.

4. Issuance of writ of assistance to put purchaser at execution
sale in possession, see notes in 51 Am. Dec. 152; 93 Am. St. 154;
Ann. Cas. 1913D, 1120; 52 L. R. A., N. S., 697.

Action in foreclosure. Appeal from order denying motion to vacate writ of assistance and order striking appellant's affidavit in support thereof. Both orders *reversed.*

Miller & Ricks, for Appellants.

The affidavit of Sherman was not in fact a collateral attack upon the decree of the court. (*Mills v. Smiley,* 9 Ida. 325, 76 Pac. 783; *O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20, 257.)

In an application for writ of assistance, if the judgment be attacked, it is a direct and not a collateral attack. (*Noble v. Harris,* 33 Ida. 401, 195 Pac. 543.)

The right to a writ of assistance requires judicial action. The clerk of the district court is a ministerial officer and is never a judicial officer. (*Creighton v. Paine,* 2 Ala. 158; *Howard v. Bond,* 42 Mich. 131, 3 N. W. 289; *Tucker v. Stone,* 99 Mich. 419, 58 N. W. 318; *Comer v. Felton,* 61 Fed. 731, 10 C. C. A. 28; *Keil v. West,* 21 Fla. 508; *Baker v. Pierson,* 5 Mich. 456; *Ketchum v. Robinson,* 48 Mich. 618, 12 N. W. 877.)

The writ of assistance should never issue except on notice to the person in possession, as intervening rights not existing between the parties to the decree may be involved, or subsequent agreements as to possession may exist between the parties to the suit which may affect the right to the writ. (*McLane v. Piaggio,* 24 Fla. 71, 3 So. 823; *Hooper v. Yonge,* 69 Ala. 484; *City of San Jose v. Fulton,* 45 Cal. 316; *Ray v. Trice,* 49 Fla. 375, 38 So. 367; *Jones v. Hooper,* 50 Miss. 510, 516; *Escritt v. Michaelson,* 73 Neb. 634, 10 Ann. Cas. 1039, 103 N. W. 300, 106 N. W. 1016; *Fackler v. Worth,* 13 N. J. Eq. 395; *Blauvelt v. Smith,* 22 N. J. Eq. 31; *Knight v. Houghtalling,* 94 N. C. 408, 411.)

When a writ of assistance has been improperly granted, the court, on motion, is bound to correct the wrong by restoring the possession. (*Trammel v. Simmons,* 8 Ala. 271; *Wiley v. Carlisle,* 93 Ala. 237, 9 So. 288; *Skinner v. Beatty,* 16 Cal. 156; *City of San Jose v. Fulton, supra; Henderson v. McTucker,* 45 Cal. 647; *Ray v. Trice, supra; New York*

*Life Ins. & Trust Co. v. Cutler,* 9 How. Pr. (N. Y.) 407;
*Coor v. Smith,* 107 N. C. 430, 11 S. E. 1089; *Herr v. Sullivan,* 26 Colo. 133, 56 Pac. 175.)

F. L. Soule and C. R. Moon, for Respondents.

"All proceedings taken with a view to enforcing the judgment or decree are collateral thereto, and attacks made upon the judgment in the course of such proceedings are collateral." (15 Standard Ency. of Proc. 382, and cases cited.)

A motion to quash writ of assistance is a collateral attack on a judgment. (*Bennett v. Roys,* 212 Ill. 232, 72 N. E. 380.)

The decree contained an order directing the parties to it to surrender the premises on production of sheriff's deed. Here was a "decretal order," and where the decree contains such order no further order is necessary for issuance of writ against the parties to the action. (*Montgomery v. Tutt,* 11 Cal. 190, 191; *Montgomery v. Middlemiss,* 21 Cal. 103, 81 Am. Dec. 146; 27 Cyc. 1740; 19 R. C. L. 638.)

No notice of the application for the writ is required, either where the defendants against whom it is issued were actually present at the time of the application for the writ and resisted it, or where the writ is sought against the party to the decree and the decree contains an order directing the party to the suit, and those holding under them, to surrender the premises on production of sheriff's deed. (2 Wiltsie on Mortgage Forecl., 3d ed., sec. 726; 27 Cyc. 1740; *Montgomery v. Tutt,* 11 Cal. 190, 194; *McLane v. Piaggio,* 24 Fla. 71, 3 So. 823; *New York Life Ins. & Trust Co. v. Rand,* 8 How. Pr. (N. Y.) 35; *Coor v. Smith,* 107 N. C. 430, 11 S. E. 1089; *New York Life Ins. & Trust Co. v. Cutler,* 9 How. Pr. (N. Y.) 407; *Lynde v. O'Donnell,* 12 Abb. Pr. (N. Y.) 286; *Lynde v. O'Donnell,* 21 How. Pr. (N. Y.) 34; *N. Y. Life Ins. & Trust Co. v. Rand, supra; Kershaw v. Thompson,* 4 Johns. Ch. (N. Y.) 609; *Huguenin v. Baseley,* 15 Ves. Jr. 180, 33 Eng. Reprint, 722; *Kessinger v. Whittaker,* 82 Ill. 22.)

McCARTHY, J.—On September 22, 1916, the trial court entered a decree of foreclosure covering the land involved in this controversy. It contained an order that the purchaser at the foreclosure sale be let into possession, and that any of the parties to the action, or any person coming into possession under them, should deliver possession to such purchaser, on production of the sheriff's deed. Respondent F. D. Williams, receiver, was the plaintiff, and appellants were the defendants in said foreclosure action; appellants made no appearance, and judgment was by default. On October 28, 1916, the land was sold to respondent F. D. Williams, receiver, and the sheriff's certificate of sale issued to him. Respondent Nixon purchased the certificate of sale and, upon the expiration of the time for redemption, secured a sheriff's deed to the land on July 9, 1918. On August 14, 1920, he filed an affidavit for a writ of assistance. No notice was given to appellants, but the clerk of the court issued the writ of assistance *ex parte*. On August 16, 1921, appellants made a motion to quash the writ of assistance supported by the affidavit of appellant E. H. Sherman. Among other grounds of said motion, appellants stated that the writ of assistance was issued by the clerk of the court without an order of the court, that it was issued *ex parte* without notice, and to one who was not a party to the action. Thereafter respondent Nixon made a motion to strike said affidavit. The trial court sustained his motion to strike and denied appellants' motion to quash the writ. From these orders this appeal is taken.

Among other specifications of error, appellants contend that the writ of assistance was improperly issued for the reasons just above stated. The power of the court to issue a writ of assistance in this state does not arise from any statute, but from the practice which obtained at common law. This power has always been exercised by courts of equity to place a purchaser of mortgaged premises in possession, after a decree of foreclosure, the expiration of the period of redemption, and the execution and delivery of the

sheriff's deed, where the possession is withheld by any party bound by the decree. (*Harding v. Harker*, 17 Ida. 341, 134 Am. St. 259, 105 Pac. 788; 27 Cyc. 1740 (C).) The exercise of the power to grant the writ rests in the sound discretion of the court. (19 R. C. L., sec. 455, p. 638; *City of San Jose v. Fulton*, 45 Cal. 316.) We have been cited to no author-ities holding that it is a ministerial act which can be per-formed by the clerk of the court. The writ, having been issued by the clerk on his own authority, is void. Respond-ents' counsel have cited us to some authorities holding that, if the decree of foreclosure contains an order for the surren-der of the property to the purchaser, no further order to that effect is necessary before the writ issues. Even these author-ities do not go to the length of holding that the writ can be issued by the clerk. The authorities are in conflict as to whether the writ can be issued *ex parte* without notice to the party in possession. Some authorities hold that it can be so issued where the decree contains a provision for surrender of possession, and the one in possession was a party to the foreclosure proceeding. Other authorities hold that it is bet-ter practice to give notice to the party in possession. Other authorities hold that the giving of notice is necessary. (*San Jose v. Fulton, supra; Hooper v. Yonge,* 69 Ala. 484; *Knight v. Houghtalling,* 94 N. C. 408; *Fackler v. Worth,* 13 N. J. Eq. 395.) It must be remembered that the issuance of the writ of assistance does not immediately follow the decree of foreclosure, but the period of redemption intervenes. The reason given for requiring notice is that the rights of the par-ties may have changed by reason of agreement, or circum-stances, arising between the rendition of the judgment, and the application for the writ of assistance. We conclude that the better and more orderly practice, and the one more likely to protect the rights and interests of all concerned, is to require the giving of notice of application for the issu-ance of the writ to the party in possession. It was error to deny the motion to quash the writ. Appellant's contention that respondent Nixon was not entitled to a writ of assistance because he was not a party to the foreclosure suit is dis-

posed of by *Noble v. Harris,* 33 Ida. 401, 195 Pac. 543, which decides that the holder of the sheriff's deed is the real party in interest, and the proper person to apply for a writ of assistance.

Respondent contends that the motion to vacate the writ of assistance was a collateral attack, and therefore forbidden. In so far as the grounds of attack above mentioned are concerned, it is not collateral. A judgment or order can always be attacked by motion in the main action on the ground that it appears to be void on its face. The fact that it was issued *ex parte* can also be raised by motion to quash. (*City of San Jose v. Fulton, supra.*) As to whether certain other grounds set forth in the motion would constitute a collateral attack on the judgment, we express no opinion.

The affidavit of appellant E. H. Sherman set forth, among other facts, that the writ of assistance was issued by the clerk without notice to appellants. These facts are material and proper to be considered on the motion. Therefore the order striking the affidavit was error, regardless of whether or not other matter set forth in it could be considered on the motion.

In view of the conclusion we have reached upon the points above mentioned, it is unnecessary for us to pass upon other specifications of error and points set forth in the appellants' brief and we refrain from doing so.

For the reasons given, the orders striking the affidavit and denying the motion to vacate the writ of assistance are reversed. Costs awarded to appellants.

Rice, C. J., and Dunn, J., concur.

LEE, J., Specially Concurring.—I concur with Mr. Justice McCarthy in holding that the writ of assistance should be quashed for the reasons expressed in the foregoing opinion. This cause was before the court in *Williams v. Sherman,* 34 Ida. 63, 199 Pac. 646, and from the statement of facts therein contained, which are again set up by the affidavit of E. H. Sherman on this appeal, the ultimate question

which appellant is endeavoring to have determined remains undecided, because in neither of these appeals has the record presented that question in such manner that it could be determined.   However, in both appeals it has been exhaustively briefed and argued by counsel for both parties, and in view of this I deem it proper to say that when these facts are shown by competent evidence, in a proper proceeding, in my opinion the judgment in the foreclosure proceedings, in so far as it affects the NE. ¼ of sec. 13, T. 15 N., R. 42 E., B. M., must be held void.

It appears that the conveyance upon which the foreclosure proceedings were based was executed by appellant and Grace A. Sherman, then his wife, in 1906, and that in so far as such conveyance or the foreclosure proceedings relates to the above-described premises, they were, at the time of said conveyance, a part of the unsurveyed public domain of the United States.   They were not surveyed until 1914, and the plat was not filed in the surveyor-general's office until May, 1915.   In September of that year appellants made a homestead filing thereon, and have since complied with all of the requirements of the homestead law.   The foreclosure proceedings were had after the homestead entry was made, and appellants were made parties to such action, constructive service was had upon them, and they defaulted.   A decree was entered therein September 22, 1916, purporting to foreclose these premises, with others, and an attempted sale was had under said decree.   Respondent Nixon purchased the sheriff's certificate of sale and afterward obtained a sheriff's deed, upon which he bases this application for a writ of assistance.   So far as the record in either appeal discloses the facts, the foreclosure proceedings were regular on their face, and appellants now seek to challenge their validity by showing by way of affidavit these facts; that is, that their said homestead entry was inadvertently included in the said deed of conveyance executed by appellant Sherman and Grace A. Sherman, then his wife, and that because of these facts set up in this affidavit, the attempted conveyance was

void, and all subsequent proceedings based thereon are a nullity.

"The only question on the application for a writ of assistance being whether the decree has or has not been complied with, the defendant cannot in his answer renew the contest as to title which has already been decided, or set up any matters upon which he has been concluded by the decree. . . . . This rule, however, does not preclude defendant from raising the question of jurisdiction of the court which rendered the decree." (2 R. C. L., p. 739, sec. 13.)

We think it elementary, however, that unless the want of jurisdiction in a foreclosure proceeding affirmatively appears from the judgment-roll, the defendant cannot after the entry of judgment attack its validity by affidavits which set up matter *aliunde* the record, which should have been interposed as a defense at the trial. If this could be done, he might in every case default, and after judgment, come in and establish his defense by *ex parte* affidavits.

Courts may take judicial notice of public and private official acts of the legislative, judicial and executive departments of the state and of the United States. (C. S., sec. 7933.) But they cannot take judicial notice of when lands are a part of the unsurveyed public domain, or when they cease to be a part of such public domain. That must be shown by the official records of the government, and no attempt is made in this proceeding to show these facts otherwise than by the affidavits above mentioned.

Respondent contends, and has cited many decisions which seem to support the contention, that a homestead entryman under the federal statutes may, after entry and before patent, mortgage his interest in such land. The only federal case cited is *Hafemann v. Gross*, 199 U. S. 342, 26 Sup. Ct. 80, 50 L. ed. 220, but an examination of this case will show that the only question there decided was to the effect that an agreement by a pre-emptor in consideration of the advance of a portion of his expenses to be incurred in perfecting his entry, and to pay a specified sum for locating him on the land, and a further amount to be determined by

the proceeds of any sale which he might make after acquiring title, is not invalid under U. S. Rev. Stats., sec. 2262, requiring every pre-emptor to make an affidavit before entry that "he has not settled upon and improved said land to sell the same on speculation, but in good faith to appropriate to his own exclusive use, and that he has not directly or indirectly made any agreement or contract in any way or in any manner with any person whatsoever by which the title which he might acquire from the government should inure in whole or in part to the benefit of any person except himself." Mr. Justice Brewer, in delivering this opinion, does not go further than to hold that this federal statute does not render a contract void to pay out of the proceeds of a sale of the land after patent an advancement made to him to enable him to secure patent, no lien being created. He cites with approval *Anderson v. Carkins*, 135 U. S. 483, 10 Sup. Ct. 905, 34 L. ed. 272, wherein that court reverses the supreme court of Nebraska and holds an agreement on the part of a homestead entryman to convey a part of such homestead, after he has secured patent, void, notwithstanding such agreement was based upon a valid consideration.

In *Anderson v. Carkins, supra,* the court quotes with approval the case of *Mellison v. Allen,* 30 Kan. 382, 2 Pac. 97, which is a decision by Justice Brewer when he was a member of that court, wherein it is said: "Courts of equity have always exercised a discretion in enforcing the specific performance of contracts to convey, and it would be strange indeed if a court of equity lent its aid to enforce the performance of a contract founded upon perjury and entered into in defiance of a clearly expressed will of the government."

It should also be noted that in the Hafeman case, while the majority opinion holds that the contract in that case was not absolutely void, so that the promise to pay money upon the sale of the premises by the patentee could not be enforced, three of the justices held that it was absolutely void.

In *Seymour v. Sanders,* 3 Dill. 437, Fed. Cas. No. 12,690, Dillon, J., in construing the act of May 20, 1862, c. 75, sec.

35 Idaho—12

4 (U. S. Rev. Stats., sec. 2296; U. S. Comp. Stats. Ann., sec. 4551, 68 Fed. Stats. Ann., 2d ed., p. 575), held that title to all public lands must pass and vest according to the laws of the United States, and that an agreement of a homesteader to convey any part of such entry prior to patent was invalid.

In *In re Cohn*, 171 Fed. 568, it is held that a homestead acquired on public land is not liable to the satisfaction of any debt contracted prior to the issue of a patent therefor, and that the issuance of patent and not the issuance of a final receipt to the homesteader entitling him to a patent fixes the time from which a property may become liable for the subsequent debts of the homesteader.

*Grames et al. v. Consolidated Timber Co.*, 215 Fed. 785, in construing sec. 2296, providing that no land acquired thereunder shall in any manner become liable for the satisfaction of any debt acquired prior to the issuing of the patent, holds that said section is to be construed literally, and the exemption is not waived by the failure of the debtor to claim it before judgment and sale, but a sale or judgment for a debt contracted before the issuance of the patent, although after the final certificate, is void.

If any doubt ever should have arisen with regard to the inability of a homesteader to alienate or suffer to be alienated a homestead entry, prior to the issuance of patent, it should be set at rest by *Ruddy v. Rossi*, 248 U. S. 104, 39 Sup. Ct. 46, 63 L. ed. 148, 8 A. L. R. 843, wherein the United States supreme court, speaking through Justice McReynolds, in reversing a decision of this court, holds that the language of this section is clear, and there is no adequate reason for thinking that it fails precisely to state the law-makers' intention.

We think a careful examination of the several federal cases above cited effectually disposes of all of the authorities relied upon by respondent as upholding his contention that any interest of the appellant in this homestead entry could have passed by virtue of the mortgage given in 1906 and the subsequent location of these premises as a homestead

nine years later.   When it is shown by competent evidence in a proper proceeding that the facts set forth in said affidavit are true, the judgment upon which this writ of assistance is based must be held void, in so far as it attempts to create any lien against appellants' homestead entry, and it must be held that a writ of assistance to dispossess appellants could not issue.

Budge and Dunn, JJ., concur.