(December 29, 1922.)

F. D. WILLIAMS, as Receiver of the STATE SAVINGS BANK OF BUTTE, MONTANA, a Corporation, Plaintiff, and S. M. NIXON, Respondent, v. E. H. SHERMAN and SINA E. SHERMAN, Appellants.

[212 Pac. 971.]

TITLE TO PUBLIC LANDS — CANNOT BE CLOUDED WITHOUT CONSENT OF GOVERNMENT—EFFECT OF ATTEMPTED CONVEYANCE—WRIT OF ASSISTANCE—WHEN IT SHOULD BE DENIED.

1. The United States cannot be divested of title to its public lands, or have the same clouded in any manner to interfere with its future disposition of the same, without its consent, manifested in some manner prescribed by Congress. It is an invariable attribute of sovereignty that title to property of the sovereign cannot be acquired without its consent or against its will.

2. Where a grantor includes a part of the public land of the United States in a conveyance intended to be a mortgage, and such mortgage is thereafter foreclosed, such government land being included in the order of sale, all proceedings thereunder, in so far as

they relate to public lands, are void *ab initio*, and neither title nor color of title is obtained by the purchaser. The judgment being void, it is subject to collateral attack.

3. A writ of assistance issued upon the application of a party who claims title and the right of possession to public lands under a sheriff's deed will be quashed and the proceedings dismissed when it is shown that the party being dispossessed is occupying such premises under a valid homestead entry, which has been allowed by the government.

4. A conveyance, in form a deed, but intended to be a mortgage, which either purposely or inadvertently includes public lands of the United States, is void in so far as it includes public lands, and does not cast a cloud upon the title of such lands, either against the government or against anyone having possession or deraigning title through the government.

APPEAL from the District Court of the Ninth Judicial District, for Fremont County. Hon. James G. Gwinn, Judge.

Action to foreclose a mortgage. From an order granting a writ of assistance, defendants E. H. Sherman and Sina E. Sherman appeal. *Reversed*, with instructions to quash the writ and dismiss the proceeding.

Miller & Ricks, for Appellants.

An unperfected government homestead is the property of the United States and a court is powerless to grant a writ of assistance and dispossess the entryman prior to the issuance of patent thereon. (U. S. Rev. Stats., sec. 2296; *Williams v. Sherman*, 35 Ida. 169, 205 Pac. 259; *Ruddy v. Rossi*, 248 U. S. 104, 8 A. L. R. 843, 39 Sup. Ct. 46, 63 L. ed. 148.)

To entitle the plaintiff to a writ of assistance demanded, the plaintiff should show a valid judgment. The findings should be supported by the pleadings, and the judgment

Publisher's Note.

3. What are writs of assistance, and when they should issue, see notes in 51 Am. Dec. 152; 93 Am. St. 154; Ann. Cas. 1913D, 1120; Ann. Cas. 1915B, 1095.

must be supported by the pleadings and the findings, and the judgment must support the order of sale and proceedings thereunder. (*Vermont Loan & Trust Co. v. McGregor*, 5 Ida. 510, 51 Pac. 104; *Vanmeter v. Borden*, 25 N. J. Eq. 414; *Mills v. Smiley*, 9 Ida. 317, 76 Pac. 783.)

F. L. Soule, for Respondent, files no brief.

LEE, J.—This is an appeal from an order granting a writ of assistance which directed the sheriff of Fremont county to remove appellants E. H. Sherman and Sina E. Sherman, husband and wife, who occupied the NE. ¼ of sec. 13, T. 15 N., R. 42 E., B. M., under a government homestead entry, from said premises, and deliver possession of the same to respondent Nixon. Appellants have endeavored to have this court review the right of the lower court to award respondent Nixon this writ upon two former hearings, the first in *Williams v. Sherman*, 34 Ida. 63, 199 Pac. 646, and again in *Williams v. Sherman*, 35 Ida. 169, 21 A. L. R. 353, 205 Pac. 259, and reference is made to those cases for a more complete statement of the facts and circumstances which give rise to the question presented by this appeal.

In March, 1906, appellant E. H. Sherman and Grace A. Sherman, then his wife, executed an instrument purporting to convey to the State Savings Bank of Butte, Montana, approximately 1,500 acres of land situate in Fremont county, Idaho. The description in said instrument included the premises above described, which were at that time a part of the unsurveyed public domain of the United States. Appellants claim that the insertion in that instrument of a description of this land was by inadvertence and a mistake on the part of the scrivener, but as we view the law applicable to this case, that fact, if true, is not material.

In 1914 the lands embraced in said homestead entry were first surveyed by the government, and the plat was filed in the Surveyor-general's office in May, 1915. On September 29th following, appellant E. H. Sherman, who had subsequent to the execution of the instrument of convey-

ance in 1906 married appellant Sina E. Sherman, made a government homestead entry upon said land at the Blackfoot United States Land Office, and said appellants have continued to occupy said premises as a government homestead ever since said entry, except during such periods as they have been dispossessed by the several writs of assistance issued out of the ninth judicial district court, the latest of these alleged writs being issued by the judge of said court July 31st of this year, the validity of which writ is before us on this appeal.

Respondent Nixon claims title and the right of possession of said premises comprising appellants' homestead entry by virtue of the instrument of conveyance executed by appellant E. H. Sherman and Grace A. Sherman, then his wife, in 1906, and the subsequent sale under an alleged decree of foreclosure entered in an action in said court, wherein F. D. Williams, as receiver of the State Savings Bank of Butte, Montana, was plaintiff, and appellant E. H. Sherman and Grace A. Sherman, then his wife, and also Sina E. Sherman, his present wife, were named as defendants, with others, in which action said instrument was held to be a mortgage, and was foreclosed for an indebtedness against the defendant Sherman. An order of sale was issued upon said decree, and all the lands described in said instrument executed in 1906, including appellants' homestead entry, were pretended to be sold, and not having been redeemed, a sheriff's deed for the same was thereafter issued to respondent Nixon. Respondent lays stress on the fact that personal service was had upon all of the Shermans in that foreclosure proceeding, and that they each severally failed to make an appearance, and that judgment was entered against them by default after such service.

Appellants herein contend that all of said proceedings, in so far as it is attempted to affect the title to the premises in question, beginning with the inclusion of said property in said instrument of 1906 in which Sherman and his first wife were named as grantors, together with the subsequent foreclosure sale and issuance of a sheriff's deed to

36 Idaho.—32

the same, were void *ab initio*, because said lands at the time they were included in said instrument in 1906 were a part of the unsurveyed public domain of the United States, and ever since have continued so to be, subject only to the inchoate rights granted appellant Sherman and his present wife Sina E. Sherman, by virtue of their homestead entry thereon in September, 1915. In support of the facts upon which they base their claim, they now submit the judgment-roll in said foreclosure proceedings, which appears to establish the facts regarding the conveyance and subsequent proceedings by which the premises were pretended to be conveyed by sheriff's deed to respondent Nixon. They also submit a certified copy from the Surveyor-general's office of the plat of said township 15 north, range 42 east, Boise meridian, which shows that it was surveyed and said plat, "strictly conformable to the field-notes of the survey thereof on file in this office, which have been examined and approved," was filed in the Surveyor-general's office in Boise, Idaho, on June 11, 1914. They offer the certificate of the Register of the United States Land Office at Blackfoot that said plat was officially filed in said office on the 20th day of May, 1915, and that Edward H. Sherman made homestead entry No. 021099 on September 29, 1915, on said NE. ¼ of Sec. 13, T. 15 N., R. 42 E., B. M. By a supplementary certificate of July 29, 1922, said Register certifies that said homestead entry was made on May 25, 1915, was allowed by the Commissioner of the General Land Office on September 27, 1915, by the local land office on September 28, 1915, and thereby became a valid entry of record; that on July 14, 1919, one Earl L. Nixon filed an application to contest said entry, and after a hearing before the Register and Receiver of said Blackfoot Land Office, an adverse decision to said contest was rendered; that an appeal was taken to the Commissioner of the General Land Office, and that after a decision against contestant by the General Land Office, an appeal was taken to the Secretary of the Interior, who affirmed the decision of the local land office and dismissed said contest on April 28, 1922; that on October 5,

1920, said Edward H. Sherman submitted final proofs in support of his said entry, and on June 5, 1922, final certificate was issued; and that the records of said Land Office show no adverse claim to the land above mentioned.

Subd. 9 of C. S., sec. 7952, art. 3 of Ch. 292, which designates how public writings may be proven, provides that documents in the departments of the United States government may be proved by the certificate of the legal custodian thereof. We think this statute makes this proof offered by appellants competent as to the record facts shown by these certified records.

At the time of making the order for the issuance of this writ, appellants appeared before said court and resisted its issuance, setting up all of the foregoing facts, with others deemed not necessary to refer to, and established the character of their title to the premises as herein recited by offering, without objection, the certified records from the Surveyor-general's office for the district of Idaho and the certificates from the United States Land Office at Blackfoot, the entire record being brought to this court by a duly settled bill of exceptions.

The only question presented by the record is this: Was the title to the lands in question, as against the United States or any person claiming under it, in any manner affected by the inclusion of these lands in an attempted conveyance made by appellant Sherman in 1906, and the subsequent foreclosure proceedings and attempted sale of the same by the sheriff under the decree of the state court, as hereinbefore stated? That the United States cannot be divested of its title or have the same clouded in any manner without its consent, manifested by its laws or treaty-making power, unless the same be done by conquest of a superior governmental power, which of course in this case does not exist, is such an axiomatic proposition that it does not present a debatable question. Sovereignty is defined as: "The union and exercise of all human power possessed in a state; it is a combination of all power; it is the power to do everything in a state without accountability—to make laws,

to execute and to apply them, to impose and collect taxes and levy contributions, to make war or peace, to form treaties of alliance or of commerce with foreign nations, and the like.'' (Story, Constitution, sec. 207; Bouvier's Law. Dict., p. 3096.)

That a sovereignty cannot lose title to its territory without its consent, except by conquest, is an invariable and necessary attribute of such sovereignty. Respondent's contention that the title to these premises, which at the time composed a part of the unsurveyed public domain of the United States, passed or was in some manner clouded by the pretended conveyance of Sherman and his wife in 1906 to the State Savings Bank, which attempted conveyance was without the knowledge, much less the consent of the government, or that the government's title was thereby in any manner affected so that it could not thereafter at will grant such premises under any of its public land laws, or by any other method that the Congress might deem proper, to any of its subjects or citizens, is a contention so unwarranted as not to merit consideration. Not only was the alleged conveyance absolutely null and void, but every step taken thereafter by the proceedings in the state court to foreclose and sell said lands, and the subsequent alleged writs of assistance granted under said proceedings, were null and void, and every step taken to carry out such proceedings was a naked trespass, without any authority or warrant in law.

This case is not within that class of cases where an entryman, after an entry upon the public domain of the United States, seeks to alienate or in some manner encumber his interest before he has earned patent to the same under the requirements of the federal laws and regulations. A number of leading cases bearing upon that class of questions are referred to in the specially concurring opinion in *Williams v. Sherman*, 35 Ida., at 174, 21 A. L. R. 353, 205 Pac., at 260. One of the latest by the federal supreme court is *Ruddy v. Rossi*, 248 U. S. 104, 8 A. L. R. 843, 39 Sup. Ct. 46, 63 L. ed. 148, which overrules a former decision

of this court by holding that the exemption of homestead lands under U. S. Rev. Stats., sec. 2296 (U. S. Comp. Stats. Ann., sec. 4551, 8 Fed. Stats. Ann., p. 575), from liability for the satisfaction of any debt contracted prior to the issuing of the patent, extends to debts incurred by a homesteader after obtaining the receiver's final receipt and certificate. By a parity of reasoning, it is clear that if an entryman on a government homestead cannot encumber his interest in such entry, *a fortiori* he could not by any act of his in attempting to convey the same, nearly ten years prior to making such entry, so encumber the government's title that it could not thereafter grant to any citizen, including himself, a right to make a homestead entry on the same.

The judgment upon which this writ of assistance was issued being as against the title of the government to the lands embraced in this homestead entry void, it is subject to direct or collateral attack by anyone claiming under the government, and when such facts are established by competent evidence, as we hold has now been done, the judgment and all proceedings subsequently had thereunder are void, in so far as they attempt to affect these premises. The cause is reversed, with directions to the lower court to quash the writ and dismiss the proceedings. Costs awarded to appellants.

Budge and Dunn, JJ., concur.

(March 1, 1923.)

ON PETITION FOR REHEARING.

WILLIAM A. LEE, J.—Counsel for respondent, in his brief and application for a rehearing, earnestly contends that the decision in this case is contrary to the law of the case as announced in the former opinion, *Williams v. Sherman*, 35 Ida. 169, 21 A. L. R. 353, 205 Pac. 259, that it is fundamentally unsound, and that it will unsettle title and property rights heretofore considered settled.

In view of the apparent candor of counsel in this contention, we deem it advisable to make a further statement of the principles of law upon which the decision is based, and which we regard as controlling as to the issue involved. We disclaim any purpose to modify or in any manner qualify the rule of law so frequently approved by this and other courts, that where upon an appeal of a cause the law with reference to any question presented by such appeal is declared, it remains the law of that case upon any subsequent appeal, or the other equally well-settled rule referred to, that the judgments of courts of general jurisdiction may not be impeached by collateral attack, but that they import absolute verity.

With regard to respondent's contention which has been urged upon former appeals of this case, that an entryman on a government homestead entry may alienate the same, and which is again strenuously insisted upon, we think the question is sufficiently discussed in *Williams v. Sherman, supra,* for as was said in *Wilcox v. Jackson ex dem. M'Connel,* 13 Pet. 498, 10 L. ed. 264, Congress is vested by the constitution with the power of disposing of and making needful rules and regulations concerning the public domain of the United States, and has declared that its patent is necessary to pass a complete title, and whenever the question in any court, state or federal, is as to whether title to land which had once been the property of the United States had passed, the question must be resolved by the federal law; otherwise, the laws of the state would be paramount to those of Congress. This being true, it follows that the decisions of the federal supreme court are conclusive where they have passed upon the question, as we think they have in the decision cited.

With regard to the contention that the law of the case as announced in the former opinion has not been followed, it is sufficient to say that all the opinion referred to holds is that where lands are described in foreclosure proceedings by legal description, this court cannot take judicial notice of the fact that such lands are a part of the unsurveyed

public domain, nor can such fact be shown after judgment by the affidavit of persons who are parties to the action, but such fact must be shown by competent evidence. It is further held that the production of the official records of the government is a proper way of showing such fact, and that when it is made to appear by proper evidence in a proper proceeding that a court has assumed jurisdiction to decree the sale of unpatented public lands to satisfy the indebtedness of private individuals, such decree and order of sale is void, and no rights are acquired under it.

Where courts are without jurisdiction of the subject matter upon which they assume to act, their proceedings are absolutely void. They constitute no justification, and all persons concerned in executing such judgments are in law trespassers. (*Elliott v. Piersol,* 1 Pet. 328, 7 L. ed. 164; *Lessee of Hickey v. Stewart,* 3 How. 750, 11 L. ed. 814; 1 Black on Judgments, 2d ed., sec. 218; *Ex parte Gardner,* 22 Nev. 280, 39 Pac. 570; 7 R. C. L. 1042.) A court which is competent to decide its own jurisdiction may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear, either before or after judgment. (*Town of Wayne v. Caldwell,* 1 S. D. 483, 36 Am. St. 750, 47 N. W. 547; 15 C. J. 852, secs. 171, 174; 1 Black on Judgments, 2d ed., sec. 218; 7 R. C. L. 1042, sec. 75; *Green v. Creighton,* 10 Smedes & M. (Miss.) 159, 48 Am. Dec. 742.)

A defendant may waive or cure a defective service of process, but if the want of jurisdiction goes to the subject matter of the action, it cannot be waived, and the judgment being void, it is the duty of the court to recognize its want of jurisdiction over the subject matter even when no objection is made, and to decline taking further action whenever such want of jurisdiction is made to appear. (1 Black on Judgments, 2d ed., sec. 217; 7 R. C. L. 1042, sec. 75; Freeman on Judgments, sec. 120; *Freer v. Davis,* 52 W. Va. 1, 94 Am. St. 895, 43 S. E. 164, 59 L. R. A. 556; *Conant v. Deep Creek etc. Co.,* 23 Utah, 627, 90 Am. St. 721, 66 Pac. 188.)

The general rule is that the presumption in favor of the jurisdiction of superior courts may be overcome only by recitals in the record showing affirmatively that the court was without jurisdiction. But this presumption is frequently limited to jurisdictional questions which arise by reason of a want of jurisdiction as to the person, which may generally be waived. (*Blain v. Dean,* 160 Iowa, 708, 142 N. W. 418; *Heatherly v. Hadley,* 4 Or. 1.) But because jurisdiction over the subject matter of the action can never be waived and cannot be acquired by consent, there are numerous authorities which hold that want of jurisdiction over the subject matter may be shown by evidence *dehors* the record. (15 C. J. 832, sec. 149; 1 Black on Judgments, 2d ed., sec. 217; Freeman on Judgments, 4th ed., sec. 120; *Pennywitt v. Foot,* 27 Ohio St. 600, 22 Am. Rep. 340; *Dow v. Johnson,* 100 U. S. 158, 25 L. ed. 632; *Ferguson v. Crawford,* 70 N. Y. 253, 26 Am. Rep. 589.)

Counsel for respondent urges, however, that this is not a contest between respondent and the government, that the government is not a party to this action and is not complaining, and admits that if patent never issues, respondent will have no claim to the land in question. Surely counsel does not intend to urge that it is necessary for the government of the United States to intervene in every contest between private parties wherein title to its public domain is being asserted by one of the parties. The trust deed executed by appellant E. H. Sherman and Grace A. Sherman, then his wife, in 1906, to the State Savings Bank of Butte, Montana, to secure an indebtedness, when the grantors had neither title nor color of title to this land, conveyed nothing whatever to the grantee. Upon the attempted foreclosure of this void mortgage some ten years later, the holder of this mortgage apparently concealed from the court the fact that it was government land by giving merely its legal description; such an imposition practiced upon the court would not confer upon it jurisdiction to decree the sale of the same, nor would such sale pass to the purchaser

any title whatever. We think that if the fact that these premises were unpatented government land was first shown by competent evidence in the proceedings had below for the issuance of a writ of assistance, it was then the duty of the court to refuse to exercise further jurisdiction and deny the writ. It has been frequently held that the jurisdiction of the court in the original cause is open to question on an application for a writ of assistance to enforce the decree rendered therein, and if this is wanting, the merits may be investigated on the application. (5 C. J. 1323, citing among other cases: *Howard v. Milwaukee etc. Ry. Co.*, 101 U. S. 837, 25 L. ed. 1081; *Terrell v. Allison*, 21 Wall. 289, 22 L. ed. 634; *Steinback v. Leese*, 27 Cal. 295; *Mills v. Smiley*, 9 Ida. 317, 76 Pac. 783; *Peters v. Young*, 122 Mich. 484, 81 N. W. 263; *Ball v. Ridge Copper Co.*, 118 Mich. 7, 76 N. W. 130.)

In 2 R. C. L. 739, sec. 13, under the title of "Writs of Assistance," it is said that: "The defendant cannot in his answer renew the contest as to title which has already been decided, or set up any new matter upon which he has been concluded by the decree. . . . . This rule, however, does not preclude the defendant from raising the question of jurisdiction of the court."

As said by Mr. Justice Field in *Terrell v. Allison, supra:* "A writ of assistance can only issue against parties bound by the decree, which is only saying that the execution cannot exceed the decree which it enforces."

If this principle of law is applied to the instant case, it may be conceded that the foreclosure proceedings concluded the appellant Edward H. Sherman and Grace A. Sherman, then his wife, and effectually foreclosed all title or color of title which they may have had to these lands in 1906, which, as we have seen, was no interest whatever. The service in the foreclosure suit being constructive, the action was therefore one *in rem* (*Pennoyer v. Neff*, 95 U. S. 714, 24 L. ed. 565), and therefore the decree could not affect appellant Sherman and his present wife with relation to the interest which they now claim by virtue of their homestead

entry and proof of residence, which has earned for them the final receipt which entitles them to a government patent. Therefore the respondent's contention that this is not a contest between himself and the government is without merit, for the reason that the government having accepted appellant Sherman's homestead entry and upheld the same in every contest brought regarding it, and then issued its final receipt, he is entitled to assert against the respondent's claims any defense which the government might interpose.

Appellant, in resisting the issuance of this writ, offered record evidence of the highest and most conclusive character, namely certifications of the records of the government, that he was occupying said premises as a homestead entryman, and thereby asserting title directly from the government. His title has not been, and cannot be, challenged in any court outside of the tribunals provided by the acts of Congress.

While it may be contended that this court may not step aside from the strict line of its appellate jurisdiction to consider the fact of the decisions of the federal courts, nevertheless there are cases which hold that it may be done, particularly where it is necessary to avoid a conflict of jurisdiction. (*Sharon v. Sharon,* 79 Cal. 633, 22 Pac. 26.) In that case, Paterson, J., specially concurring, said, in referring to a decision of the same question by the federal court: "These decisions are official acts of the judicial department of the United States. The matters therein decided are matters of notoriety. The verity of such matters is not disputed, and we are as much bound to notice them as we are the laws of nature and the acts of the legislature," construing the third subdivision of the California code provision which is the same as our C. S., sec. 7933, and provides that courts may take judicial notice of judgments and decrees of the federal court that affect the subject matter of the action before the state court. (See, also, *County of Dakota v. Glidden,* 113 U. S. 222, 28 L. ed. 981; *United States v. Schooner Peggy,* 1 Cranch, 103, 2 L. ed.

49; *Yeaton v. United States,* 5 Cranch, 281, 3 L. ed. 101; *Anderson v. Radley,* 3 N. J. L. 1034; *People v. Sichofsky* (Cal. App.), 208 Pac. 340.)

It appears from a case entitled United States against S. M. Nixon, Earl Nixon and John C. Robinson, indicted for conspiracy to oppress citizens in the free exercise and enjoyment of their rights in violation of section 9 of the Penal Code, that in the United States district court for the district of Idaho this respondent and his codefendants were indicted by the federal grand jury for having conspired, confederated, combined and agreed to injure and oppress Edward H. Sherman, by trespassing upon the same lands as are included in this homestead entry, wherein it is recited that the said Sherman had lawfully entered said lands under a homestead entry in accordance with the laws and statutes of the United States. Upon a trial of the said cause, the respondent S. M. Nixon was found guilty on October 14, 1922, after the appeal of this case was filed in this court, and said Nixon was fined $2,500 and sentenced to serve a term in jail. We do not deem it necessary to predicate the reversal of this cause upon that judgment, but refer to it by way of answering respondent's contention that the government is not complaining about his action, and to point out how futile it would be for this court to affirm a judgment of the lower court which directs the sheriff to remove and expel appellant and his family from this homestead entry, in the face of a decision of the federal court holding respondent to be a criminal trespasser in seeking to recover possession of this homestead entry.

We therefore adhere to our conclusion that the mortgage executed by E. H. Sherman and Grace A. Sherman, then his wife, in 1906, in so far as it pretended or attempted to affect the NE. $\frac{1}{4}$ of sec. 13, T. 15 N., R. 42 E., B. M., which was a part of the unsurveyed public domain of the United States, to which and in which the grantors had neither title nor color of title, conveyed to the grantee no interest whatever and was a nullity; that the subsequent proceedings had to foreclose said premises, by the receiver of the

said State Savings Bank, together with the subsequent order of sale and attempted sale thereunder, were void and of no force or effect whatever, the court not having jurisdiction of the subject matter because of it being the property of the United States government; that the application for a writ of assistance under said void decree and sale, sought in the instant case to dispossess appellants E. H. Sherman and Sina E. Sherman, his wife, who occupied said premises under a valid homestead entry, was a proceeding in which they could challenge the validity of said decree of foreclosure and sale of the premises thereunder; that when in the course of such proceedings they established the fact that they occupied said premises under and by virtue of a valid homestead entry that had been allowed by the government of the United States, and when it was shown that said premises so homesteaded by them were a part of the public domain of the United States, by competent evidence—that is, by certified records of the federal government—they were entitled to interpose any defense to the issuance of the writ of assistance in support of their right of possession that the government might set up, they being, subject to its paramount title, subrogated to the rights of the government to challenge the validity of any former proceedings in the state court that in any manner attempted to invalidate or cloud the government's title; and that respondent's interference with their possession, after they established the validity of this homestead entry, was a naked trespass without color of authority.

The application for a rehearing is denied.

Budge, C. J., and Dunn, J., concur.