## J. F. PHY and HENRY T. HILL, Appellants, v. J. E. EDGERTON, Respondent.

[231 Pac. 426.]

AMENDMENT OF PLEADINGS—DISCRETION OF THE COURT—DIRECTIONS TO TRIAL COURT.

A trial court abuses its discretion in refusing an amended complaint which states a cause of action within the scope and purview of the cause theretofore attempted to be stated, where the cause is remanded to the trial court with authority, within its legal discretion to entertain and determine a motion to amend the complaint.

APPEAL from the District Court of the Fifth Judicial District, for Camas County. Hon. H. F. Ensign, Judge.

From an order refusing to permit an amended complaint to be filed and a judgment dismissing the action. *Reversed.*

Barber & Barber and Green & Hess, for Appellants.

If the court refuses an amendment which will obviously promote substantial justice, it is error. (31 Cyc. 373.)

Trial courts should be liberal in permitting amendments to pleadings where it appears that they are in good faith and their allowance would serve the ends of justice. (*Kroetch v. Empire Mill Co.*, 9 Ida. 277, 74 Pac. 868; *Dunbar v. Griffiths*, 14 Ida. 120, 93 Pac. 654; *Havlick v. Davidson*, 15 Ida. 787, 10 Pac. 91; *Rankin v. Caldwell*, 15 Ida. 633, 99 Pac. 108.)

While in allowing amendments to pleadings the court is clothed with very great discretionary powers, yet where it appears that the offer is made for the sole purpose of conforming to the proof and does not present any new cause of action or issue, and the opposing party has not been misled or deprived of introducing any evidence which he might desire to offer in consequence of the amendment, the amend-

ment should be allowed. (*Harrison v. Russell*, **17 Ida.** 196, 105 Pac. 48, and cases cited.)

This court has held it an abuse of discretion to refuse arbitrarily to entertain a motion to amend, although a year and a month had elapsed since the filing of the original answer, and the tendered amendment was substantially different in its allegations. (*Dunbar v. Griffiths*, 14 Ida. 120, 93 Pac. 654.)

In view of the previous rulings of the trial court, and his failure to state the grounds upon which the demurrer was sustained, he should be liberal in permitting appellants an amendment. (*Brown v. Bowman*, 119 Ga. 153, 46 S. E. 410.)

Sullivan & Sullivan and J. W. Edgerton, for Respondent.

The trial court did not abuse its discretion. (31 Cyc. 371; C. S., sec. 6726; *Havlick v. Davidson*, 15 Ida. 787, 100 Pac. 91; *Panhandle Lumber Co. v. Rancour*, 24 Ida. 603, 135 Pac. 558; *Western Machinery Co. v. Pierce*, 113 Wash. 141, 193 Pac. 708; *MacDermot v. Hayes*, 175 Cal. 95, 170 Pac. 616; *Cornic v. Stewart*, 179 Cal. 242, 176 Pac. 164; *Beal v. United Properties Co.*, 46 Cal. App. 287, 189 Pac. 346; *Frankfort v. Chinn*, 28 Ky. Law, 257, 89 S. W. 188; *Nethercott v. Kelley*, 57 N. Y. Sup. Ct. 27, 5 N. Y. Supp. 259; *Jenn v. Spencer*, 32 Tex. 657; *Burk v. Bear*, 5 Pa. L. J. 304; *Cornelssen v. Harman*, 103 Kan. 624, 176 Pac. 141; *Heyler v. New York News Pub. Co.*, 71 Hun. (N. Y.), 4, 24 N. Y. Supp. 499 (affirmed in 148 N. Y. 734, 42 N. E. 723); *Harvey v. Spaulding*, 7 Iowa, 423.)

The granting or refusing of amendments rests in the sound discretion of the trial court, and only upon a clear abuse of such discretion will the appellate court disturb its ruling. (*Havlick v. Davidson, supra; Panhandle Lumber Co. v. Rancour, supra.*)

In the instant case it is not the first pleading that is sought to be amended but the fifth pleading and such

amendment is governed by C. S., sec. 6726; *Snowy Peak v. Tamarack etc. Co.,* 17 Ida. 630, at 642, 107 Pac. 60.

No showing whatever was made to the trial court to set in action its discretion. This alone justified it in refusing to permit the fifth amended complaint to be filed. (31 Cyc. 371.)

"It is not an abuse of discretion to refuse leave to amend a fourth amended complaint." (*Smith v. Ferries & C. H. R. Co.,* 5 Cal. Unrep. 889, 51 Pac. 710.)

WM. E. LEE, J.—The question of the sufficiency of the fourth amended complaint in this action was determined adversely to appellants in *Phy v. Selby,* 35 Ida. 409, 207 Pac. 1077. On petition for rehearing this court modified the original opinion and remanded the cause to the trial court, " . . . . with authority, within its legal discretion, to entertain and determine a motion by appellants to amend their complaint, should such motion be made within ten days after filing the remittitur, . . . . If such motion shall not be made within such time, the judgment of the trial court will stand affirmed."

Appellants thereafter made timely application to amend their complaint and submitted to the trial court a draft of such amended complaint. The record does not contain any objection made by respondent to this amended complaint, except that it is recited in the order that the matter was argued by counsel for both parties. The application to amend was denied, the reason therefor not appearing in the record. From the order and judgment dismissing the action this appeal is prosecuted. We have examined this amended complaint and are of the opinion that it states a cause of action. In view of this fact and in view of the directions contained in the opinion of this court on rehearing, the question for determination is whether the lower court abused its discretion in refusing the amendment.

When this court remanded this cause to the trial court with directions to entertain and determine a motion to amend the complaint, it would seem that it in substance said to

the trial court that if appellants filed an amended complaint which stated a cause of action within the scope and purview of the cause theretofore attempted to be stated, the trial court should not refuse such amended complaint merely because a number of efforts had theretofore been made by appellants to state a cause of action and that considerable time had elapsed during which the cause had been pending. Had this court been of the opinion that the repeated ineffectual attempts to state a cause of action and the long time consumed in so doing constituted a sufficient reason for ending the litigation, it would not have remanded the cause to the lower court, but would have permitted it to rest upon the original opinion. In view of the directions contained in the opinion on rehearing, therefore, we hold that the exercise of the court's discretion was limited to a determination of whether or not, in the cause then pending, the amended complaint stated a cause of action. And since we have concluded that the amended complaint does state a cause of action, it follows that the lower court abused its discretion.

The judgment is reversed, and the cause is remanded with instructions to direct that the amended complaint be filed and that the defendant appear and plead therein within such time as may be fixed.

Costs to appellants.

McCarthy, C. J., and William A. Lee, J., concur.

Petition for rehearing denied.