(No. 4630.   July 19, 1927.)

## J. F. PHY and HENRY T. HILL, Appellants, v. J. E. EDGERTON, Respondent.

[258 Pac. 545.]

APPEAL AND ERROR — AMENDMENT TO COMPLAINT — LAW OF CASE — PLEADING — SUFFICIENCY OF TENDERED AMENDMENT, RULING ON.

1. Ruling of supreme court on appeal from judgment of dismissal that proposed amendment to complaint was proper became law of the case determining that cause of action set up in such amended complaint was within scope and purview of cause.

2. Generally, sufficiency of amended complaint as against a demurrer is not to be determined on motion to amend, unless proposed amendment is clearly frivolous or immaterial.

3. Where supreme court, in view of delay caused by necessity of second appeal of case, examined tendered amendment to complaint with regard to its sufficiency as stating cause of action, and held that it did state cause of action, such ruling became law of case, and defendant should be required to answer.

APPEAL from the District Court of the Fourth Judicial District, for Camas County.   Hon. Henry F. Ensign, Judge.

Action on contract.   Judgment of dismissal.   *Reversed and remanded.*

Barber & Barber, for Appellants.

A complaint may be amended though it fails to state a cause of action. (Opinion on last appeal in this cause; *Mole v. Payne,* 39 Ida. 247, 227 Pac. 23; *Doolittle v. McConnell,* 178 Cal. 697, 174 Pac. 305; 21 Cal. Jur. 198, 199; *First National Bank v. Sorenson,* 30 Wyo. 136, 217 Pac. 948.)

---

Publisher's Note.

1. See 2 R. C. L. 227.

See Appeal and Error, 4 C. J., sec. 3265, p. 1213, n. 83; p. 1215, n. 89.

Pleading, 31 Cyc., p. 376, n. 83, 84.

The amendment states a cause of action "within the scope and purview of the cause theretofore attempted to be stated." (*Phy v. Edgerton*, 40 Ida. 67, 231 Pac. 426.)

The issues raised by the motion to strike were determined upon the last appeal in this cause.

If the fifth amended complaint were thus objectionable denial of leave to file it would not have been an abuse of discretion. (*Davis v. State*, 30 Ida. 137, Ann. Cas. 1918D, 911, 163 Pac. 373; *Webster-Soule Farms Co. v. Woodmansee*, 36 Ida. 520, 211 Pac. 1090; 1 Bates, Plead. & Prac., 523, and cases cited; cases cited in respondent's brief on last appeal herein.)

"Those points of law necessarily involved in the decision actually made," and "necessary and essential to the proper determination of that appeal," have been finally adjudicated in this cause, and become the law of the case from which the court cannot depart. (*City of Nampa v. Nampa & Meridian Irr. Dist.*, 23 Ida. 422, 425, 131 Pac. 8; *Ryan v. Rogers*, 14 Ida. 309, 94 Pac. 427; 4 C. J. 1093.)

"A decision by the appellate court upon a point distinctly made, and essential to a determination, upon a previous appeal, is in all subsequent proceedings in the same case a final adjudication. (*Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608; *Ryan v. Rogers, supra; Gerber v. Nampa & Meridian Irr. Dist.*, 19 Ida. 765, 116 Pac. 104.)" (*Brinton v. Johnson*, 41 Ida. 583, 240 Pac. 859.)

Sullivan & Sullivan and J. W. Edgerton, for Respondent.

The original complaint does not, and cannot, state a cause of action against defendant J. E. Edgerton. (*Phy v. Selby*, 35 Ida. 409, 207 Pac. 1077; C. S., sec. 7979; 31 Cyc. 1552, and cases cited; 21 R. C. L. 848, 849; *Kyle v. Horbert*, 122 N. Y. Supp. 204; *Mathews v. Globe Star Realty Co.* (Tex. Civ. App.), 167 S. W. 764.)

The fifth amended complaint sets forth an entirely new cause of action. (31 Cyc. 414, 426, 421; *Ingwerson v. Chicago & A. Ry. Co.*, 150 Mo. App. 374, 130 S. W. 411.)

BRINCK, Commissioner.—This case appears in this court for the third time. The action was originally brought by the plaintiffs against the present defendant and one Selby. A demurrer to the fourth amended complaint was sustained by the trial court, and judgment of dismissal entered. On appeal to this court the ruling on the demurrer was sustained, but the judgment was modified by remanding the cause to the trial court with authority within its legal discretion to entertain and determine a motion to amend the complaint, should such motion be made within a specified time. (*Phy v. Selby,* 35 Ida. 409, 207 Pac. 1077; opinion on rehearing, 35 Ida. 417, 207 Pac. 1080.) Within the time specified, the plaintiffs moved in the trial court for leave to file their fifth amended complaint, . tendering with their motion the proposed amended complaint. The matter was heard and submitted in the trial court upon the argument of counsel for plaintiffs and defendant Edgerton, Selby having been omitted as a defendant in the fifth amended complaint; and the trial court denied the motion, and again entered judgment of dismissal. Upon appeal from this second judgment, it was held by this court (*Phy v. Edgerton,* 40 Ida. 67, 231 Pac. 426) that the trial court had abused its discretion in refusing to allow the amendment, and the judgment was reversed and the cause remanded with instructions to the trial court to direct that the amended complaint be filed, and that defendant appear and plead within such time as might be fixed by the trial court. Pursuant to the *remittitur* upon the last-mentioned appeal, the trial court ordered the fifth amended complaint to be filed. Thereupon, the defendants moved to strike it upon the ground that it set forth a different cause of action than that attempted to be set forth in the original complaint, which motion was granted by the trial court, and a third judgment of dismissal was granted, from which the present appeal is taken.

In *Phy v. Edgerton, supra,* the following language appears:

"When this court remanded this cause to the trial court with directions to entertain and determine a motion to amend the complaint, it would seem that it in substance said to the trial court that if appellants filed an amended complaint which stated a cause of action within the scope and purview of the cause theretofore attempted to be stated, the trial court should not refuse such amended complaint merely because a number of efforts had theretofore been made by appellants to state a cause of action, and that considerable time had elapsed during which the cause had been pending."

[1] Finding the proposed amendment a proper one within these considerations, this court ordered it filed. It was thus decided that the cause of action set up in the fifth amended complaint was within the scope and purview of the cause theretofore attempted to be stated, and this ruling became the law of the case. (*Williams v. Sherman*, 36 Ida. 494, 502, 212 Pac. 971; *City of Nampa v. Nampa & Meridian Irr. Dist.*, 23 Ida. 422, 121 Pac. 8; *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608.) The trial court should not have again considered the question upon respondent's motion to strike.

[2, 3] It is, of course, the general rule that the sufficiency of an amended complaint, as against a demurrer, is not to be determined upon motion to amend, unless the proposed amendment is clearly frivolous or immaterial; but in view of the delay in this case caused by the necessity of the second appeal, this court, upon that appeal, examined the tendered amendment with regard to its sufficiency as stating a cause of action, and held that it did state a cause of action. This ruling also became the law of the case, and the defendant should now be required to answer.

We recommend that the judgment be reversed and the cause remanded, with directions to the trial court to require the defendants to answer forthwith. Costs to appellants.

Varian, C., concurs.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is reversed and the cause remanded, with directions to the trial court to require the defendants to answer forthwith.

Costs to appellants.